
Cite as 2014 Ark. 5

# SUPREME COURT OF ARKANSAS

**Opinion Delivered** January 10, 2014

IN RE SPECIAL TASK FORCE ON
PRACTICE AND PROCEDURE IN
CIVIL CASES

**PER CURIAM**

On August 2, 2013, we appointed a Special Task Force on Practice and Procedure in Civil Cases to review and consider changes to court rules pertaining to parties, liability, and damages in civil litigation involving negligence, medical malpractice, and related cases. *See In re The Appointment of a Special Task Force on Practice and Procedure in Civil Cases*, 2013 Ark. 303 (per curiam). Professor John Watkins of Fayetteville was appointed chair of the task force, and the following officers of the court were appointed to the task force: Representative Mary Broadaway of Paragould, Brian Brooks, Esq., of Greenbrier, Paul Byrd, Esq., of Little Rock, Kevin Crass, Esq., of Little Rock, Jim Julian, Esq., of Little Rock, Senator David Johnson of Little Rock, Troy Price, Esq., of Little Rock, Mike Rainwater, Esq., of Little Rock, and Representative Matthew Shepherd of El Dorado.

The task force has worked diligently since August, and Professor Watkins submitted an interim report to the Chief Justice Hannah on December 31, 2013. At this juncture, the



supreme court extends to Professor Watkins and to all members of the task force its sincere appreciation for their work on this project. We will have more to say about the task force at a later time, and we await the supplemental report that it has promised.

Today we publish for comment the Interim Report of the Special Task Force on Practice and Procedure in Civil Cases, including the recommended rule changes. The court will review the report and the proposed rules, and they will be referred to the Committee on Civil Practice. Then, with the benefit of comments from the bench, bar, and other interested parties, the Committee on Civil Practice, and ultimately the court, will be in a position to act on the recommendations.

Comments should be submitted in writing to Les Steen, Clerk of the Supreme Court, Attention: Task Force, Justice Building, 625 Marshall Street, Little Rock, AR 72201. The comment period shall expire on March 14, 2014.

SLIP OPINION

## INTERIM REPORT OF THE SPECIAL TASK FORCE ON PRACTICE AND PROCEDURE IN CIVIL CASES

In a *per curiam* order issued August 2, 2013, the Supreme Court established the Task Force to consider problems with and recommend changes in the court-adopted procedural rules that pertain to "parties, liability, and damages in civil litigation involving negligence, medical malpractice, and related cases."

The Task Force held the first of its seven meetings on August 29 and the last on December 30. Its members also exchanged frequent emails, commented on draft proposals, researched particular issues of Arkansas law, and reviewed various reference materials, including rules and statutes from other states, the *Restatement (3d) of Torts*, and the Uniform Apportionment of Tort Liability Act (October 2000 draft). The Task Force also received input from representatives of interested parties.

Having completed its work on all but one if the issues, the Task Force decided to submit this interim report to the Court, to be followed by a supplemental report on the remaining issue in February.[1]

The Task Force's proposals do not appear in an omnibus rule but instead are incorporated within existing rules: Ark. R. Civ. P. 3, 9, 11, 42, 49, and 52, and Ark. R. App. P.-Civ. 8. In addition, the Task Force proposes adoption of a new rule, designated as Ark. R. Civ. P. 11.1. Drafts of these rules, accompanied by explanatory notes, are appended to this report. New material is underlined, while material to be deleted is lined through. This report elaborates on three proposals and discusses two issues that the Task Force concluded do not warrant action by the Court.

### I. Allocation of Nonparty Fault

The Task Force devoted more time to allocation of nonparty fault than to any other issue but in the end could not reach consensus. Nevertheless, seven of the nine voting members agreed on the recommendation included in this report.

---

[1] The issue is whether to include in Ark. R. Evid. 702 a "same specialty" requirement for experts in actions for medical injury. *See Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14, at 6, 386 S.W.3d 385, 389 (2012).

In brief, the Task Force recommends adding new provisions to three Rules of Civil Procedure: Rule 9(h), Rule 49(c), and Rule 52(a)(2). Rule 9(h) would be the exclusive procedural mechanism for asserting the substantive right to an allocation of nonparty fault under Ark. Code Ann. §§ 16-60-201 & 16-60-202(c), as amended by Act 1116 of 2013. Like similar rules in other states, Rule 9(h) requires a defendant to assert a contribution claim for allocation of nonparty fault in an answer or amended answer.[2]

This pleading requirement assures notice to all parties and must be met if a nonparty's fault is to be determined by the trier of fact, as provided in proposed Rules 49(c) and 52(a)(2). However, it does not apply to a nonparty whose status stems from a settlement with the plaintiff; by statute, the trier of fact must determine a released joint tortfeasor's "pro rata share of responsibility" for the plaintiff's damages. Ark. Code Ann. § 16-61-204(d).

The proposed additions to Rules 49 and 52 provide that, in actions for personal injury, medical injury, wrongful death, or property damage, the trier of fact must "determine the fault of *all persons or entities*, including those not made parties, *who may have joint liability or several liability*" for the alleged harm if: (1) the plaintiff has settled with the nonparty, or the defendant has given the notice required by Rule 9(h), and (2) the defendant has carried its burden of establishing a *prima facia* case of the nonparty's fault. The italicized language within the quotation is taken from Ark. Code Ann. § 16-61-201 and is intended to be coextensive with the statute.

Under both rules, apportionment of fault to a nonparty is to be used only for determining the percentage of fault of the parties, and a finding of fault can neither subject a nonparty to liability in any action nor be introduced as evidence of liability in any action. These provisions are based on Section 2 of Act 649 of 2003, the Civil Justice Reform Act. Section 2, codified at Ark. Code Ann. § 16-55-202, was invalidated on separation-of-powers grounds in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (2009).

[2]By contrast, a defendant seeking contribution for damages may bring a third-party claim against a nonparty under Rule 14 or assert a cross-claim against a co-party under Rule 13. The procedural section of the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-207, is inconsistent with Rule 9(h) and in some respects with Rules 13 and 14. Upon adoption of Rule 9(h), the statute would be superseded pursuant to Ark. Code Ann. § 16-11-301.

The two Task Force members who voted against the adoption of the proposed rules argued that apportionment of fault to a nonparty who has not settled is unconstitutional unless that person or entity is made a party. For this proposition, they relied on *Billings v. Aeropres Corp.*, 522 F. Supp.2d 1121 (E.D. Ark. 2007).

In *Billings*, Judge Wilson held, under strict-scrutiny review, that apportioning fault to an immune nonparty employer "will compromise the truth-determining function of a trial" and offend the plaintiff's fundamental right to a fair trial. "Allowing a jury to make specific findings concerning the conduct of an entity or person who is not in the courtroom *undermines the purpose of the adversarial process*." *Id*. at 1131 (emphasis added). To avoid this due process problem, as well as a separation-of-powers problem under state law, Judge Wilson concluded that Ark. Code Ann. § 16-55-202 must be "read to apply to persons or entities that can be joined in the action, by either a cross claim or by a third-party claim." *Id*.

Judge Moody rejected this conclusion in *Bohannon v. Johnson Food Equipment, Inc.*, 2008 WL 2685719 (E.D. Ark. 2008), but agreed that "the fundamental truth-determining function necessary for a fair trial" must be safeguarded. *Id.* at *2. "Under [Ark. Code Ann. § 16-55-202], a designated non-party is not subject to any liability for its fault, making the filing and service of a third party complaint unnecessary," he wrote. "Federal and Arkansas Rules of Civil Procedure allow discovery from non-parties, and this provides sufficient protection for plaintiffs to assure . . . a fair trial so as to comport with the United States Constitution." *Id*.

The Task Force has not conducted extensive research but is unaware of any appellate courts that have addressed the "adversarial process" point raised by Judge Wilson in the *Billings* case.[3] Most of these courts have employed the rational basis standard of review and held that apportioning fault to nonparties does not violate substantive due process.[4]

---

[3] Other courts have recognized that there is a fundamental right to a fair trial in civil cases. *E.g., Latiolais v. Whitley*, 93 F.3d 205 (5th Cir. 1996); *Davidson v. Riley*, 44 F.3d 1118 (2d Cir. 1995); *Desclos v. Southern New Hampshire Medical Center*, 903 A.2d 952 (N.H. 2006).

[4] *E.g., Ocasio v. Federal Exp. Corp.*, 33 A.3d 1139 (N.H. 2011); *Haff v. Hettich*, 593 N.W.2d 383 (N.D. 1999); *Smiley v. Corrigan*, 638 N.W.2d 151 (Mich. App. 2001); *Salazar v. American Sterilizer Co.*, 5 P.3d 357 (Colo. App. 2000); *Contra, Plumb v. Fourth Judicial Dist. Ct.*, 927 P.2d 1011 (Mont. 1996).

The dissenting members also argued that the proposed allocation rules went beyond the legislative intent of Act 1116, which they said the General Assembly enacted to address only settling defendants. This interpretation, they noted, would avoid the constitutional problem raised in *Billings*. The majority, however, decided that there was no reliable method of ascertaining legislative intent and choose instead to propose rules that closely track the text of the Act itself.

Likewise, the majority rejected a second proposal that would have limited the allocation rules to a nonparty who is subject to personal jurisdiction in the state and is neither immune from suit nor an employer or co-employee of the plaintiff under the Workers' Compensation Law. Act 1116 amended Ark. Code Ann. § 16-61-202 to provide a right to "an allocation of fault." The fact that a person or entity is beyond the court's jurisdiction or enjoys immunity from suit does not mean that a person or entity is not at fault; rather, it means that the person or entity cannot be sued. *Ocasio v. Federal Exp. Corp.*, 33 A.3d 1139, 1147 (N.H. 2011).

The dissenting members asked that their position be included in this report so it would be clear that the Task Force did not address the constitutional issues mentioned above. Those questions are ultimately for this Court.

**II. Rule 11 and Rule 11.1**

Section 21 of Act 649, codified at Ark. Code Ann. § 16-114-209, provides that a party who files an action for medical injury "without reasonable cause," or the attorney who signed the complaint, "shall thereafter, as determined by the court, be subject to . . . [t]he payment of reasonable costs, including attorney's fees, incurred by the other party by reason of the pleading" and "appropriate sanctions." In cases where expert testimony is required, reasonable cause may be established only by the affidavit of an appropriate expert.

The statute required dismissal of the action if the affidavit was not filed within thirty days after filing of the complaint. In *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007), this Court invalidated the mandatory dismissal provision, pointing to a conflict with Rule 3. A concurring opinion focused on Rule 11.

The Task Force has addressed the affidavit requirement and the sanctions for actions filed "without reasonable cause" in separate rules. Proposed Rule 11.1,

which is based on a Tennessee statute that has by all accounts worked well, replaces the affidavit with a "certificate of expert consultation" filed by the plaintiff and, in some cases, by the defendant. With respect to sanctions, the Task Force concluded that actions for medical injury should be treated under Rule 11 in the same fashion as other actions, but that the rule should be clarified.

Under proposed Rule 11.1, the plaintiff or the plaintiff's attorney must file with the complaint a certificate stating that he or she has consulted an expert who is qualified to testify in the case and who believes there is a good faith basis for maintaining the action. If a defendant alleges that another person or entity, including a nonparty, is at fault for the plaintiff's injuries, the defendant or the defendant's attorney must also file a certificate. A form for the certificate is to be developed by the Administrative Office of the Courts.

If the plaintiff fails to file a certificate meeting the requirements of the rule, the complaint is subject to dismissal with prejudice. If a defendant fails to comply, the pleadings alleging fault are subject to being stricken with prejudice. Also, the certificates are subject to the requirements of Rule 11, thereby making sanctions available under that rule.

The proposed changes in Rule 11 are based in large part on Ark. R. App. P.-Civ. 11, which applies when frivolous appeals are taken or other misconduct occurs at the appellate level. Among the changes are a non-exclusive list of seven sanctions available to the trial court, six of which are identical or analogous to those in the appellate rule. As under the present version of Rule 11, the court must impose a sanction upon finding that the rule has been violated. *Compare* Fed. R. Civ. P. 11(c)(1) (court "may impose" a sanction).

Like Ark. R. App. P.-Civ. 11(c), the proposed rule does not limit a sanction to that sufficient to serve as a deterrent. *Compare* Fed. R. Civ. P. 11(c)(4) (sanction "must be limited to what suffices to deter repetition of the conduct"). The proposed rule is consistent with this Court's statement concerning the present version: "Unlike Federal Rule 11, our Rule 11 places no limit on the amount of sanctions that may be imposed." *Williams v. Martin*, 335 Ark. 163, 175, 984 S.W.2d 449,450 (1998)(supp. op. on denial of rehearing). *But see Sanford v. Harris,* 367 Ark. 589, 593-94, 242 S.W.3d 277, 281 (2006) (purpose of Rule 11, like federal rule, is to "deter future litigation abuse, not to "make the victim whole").

### III. Collateral Source Rule

In *Johnson v. Rockwell Automation, supra*, this Court held unconstitutional Section 15(b) of Act 649, which, contrary to the collateral source rule, restricted evidence of damages for the costs of medical care to those actually paid by an injured plaintiff.[5] Because this provision, codified at Ark. Code Ann. § 16-55-212(b), purported to dictate what evidence was admissible at trial, it impinged upon this Court's exclusive rulemaking power and ran afoul of the separation of powers doctrine. An identical provision applicable in actions for medical injury, Ark. Code Ann. § 16-114-208(a)(1)(B), is invalid for the same reasons and should be deemed superseded pursuant to Ark. Code Ann. § 16-11-301.

However, the Task Force does not recommend that the Court promulgate an evidentiary rule to replace these statutes. To do so would raise serious constitutional problems.

The collateral source rule operates both as a substantive rule of damages and as a procedural rule of evidence. Substantively, the plaintiff's receipt of payments or benefits from a source independent of and collateral to the defendant does not reduce the plaintiff's recovery from the defendant. Procedurally, the defendant is prohibited from introducing or eliciting evidence of those payments or benefits at trial. *Younts v. Baldor Elec. Co.*, 310 Ark. 86, 89-90, 832 S.W.2d 832, 834-35 (1992).[6]

An evidentiary rule wholly or partially abrogating the collateral source rule appears to be unconstitutional, as it would presumably reduce the plaintiff's recovery of damages contrary to Ark. Const. Art. 5, § 32 ("no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to

---

[5] The collateral source rule has been criticized for providing the injured party a double recovery. But as this Court has explained: "The law rationalizes that claimant should benefit from the collateral source recovery rather than the tortfeasor, since the claimant has usually paid an insurance premium or lost sick leave, whereas to the tortfeasor it would be a total windfall." *East Texas Motor Freight Lines, Inc. v. Freeman*, 289 Ark. 539, 548, 713 S.W.2d 456, 462 (1986).

[6] This duality is widely recognized. *E.g.*, *Parker v. Wideman*, 380 F.2d 433, 436 (5th Cir. 1967); *Wills v. Foster*, 892 N.E.2d 1018, 1022-23 (Ill. 2008); *Chanda v. Federal Home Loans Corp.*, 155 Cal. Rptr.3d 693, 698-99 (Cal. App. 2013).

persons or property").[7]

Judge Hendren came to this conclusion in a pre-*Rockwell* case, *Burns v. Ford Motor Co.*, 549 F. Supp.2d 1081 (W.D. Ark. 2008), holding Section 16-55-212(b) unconstitutional. After noting that the statute was framed as an evidentiary rule, he wrote:

> The Arkansas Supreme Court has squarely held . . . that a personal injury plaintiff is entitled – assuming a successful showing of liability – to recover the amount of payments made (or written off) on her behalf by a collateral source. Yet A.C.A. § 16-55-212(b) would prevent her from doing precisely that. For this reason, the Court finds that the Arkansas Supreme Court would, if presented with the issues raised by the motion now under consideration, find that A.C.A. § 16-55-212(b) violates Article V, § 32 of the Arkansas Constitution.

*Id*. at 1085.

Similarly, the substantive element of the collateral source rule presents a constitutional problem in light of Amend. 80, § 3, which grants this Court exclusive rulemaking authority with the proviso that its rules of pleading, practice, and procedure "shall not abridge, enlarge or modify any substantive right."

## IV. Surveys and Inspection Reports

The Task Force has made no recommendation with respect to Ark. Code Ann. § 16-114-211, added by Section 22 of Act 649, because of this Court's decision in *Bedell v. Williams*, 2012 Ark. 75, 386 S.W.3d 493 (2012).

Under Section 16-114-211, results of surveys or inspections by government regulators or accrediting organizations "that the plaintiff seeks to use as evidence against a medical care provider must be relevant to the plaintiff's injury to be admissible at trial."

---

[7] A statute limiting or abolishing the collateral source rule as a substantive rule of damages would likewise seem to be unconstitutional. *See Bayer CropScience LP v. Schafer*, 2011 Ark. 518, 385 S.W.3d 822 (2011).

SLIP OPINION

In *Bedell*, this Court rejected a separation-of-powers challenge to a statute creating a testimonial privilege because Ark. R. Evid. 501 recognizes privileges "provided by . . . statute." In adopting Rule 501, the Court had "specifically given the General Assembly the power to enact statutes regarding testimonial privilege." 2012 Ark. 75, at 17, 386 S.W.3d at 505.

Similarly, the first sentence of Ark.R.Evid.402 provides: "All relevant evidence is admissible, *except as otherwise provided by statute* or by these rules or by other rules applicable in the courts of this State." (Emphasis added.)

Arguably, Section 16-114-211 precludes admission of surveys and inspections that are relevant to issues other than the plaintiff's injury, such as the standard of care and the propriety of punitive damages. Robert B Leflar, *How the Civil Justice Reform Act Changes Arkansas Tort Law*, 38 ARKANSAS LAWYER 26, 28 (Fall 2003). If so, the statute falls within the express exception in the first sentence of Rule 402. If not, the statute is consistent with the rule's second sentence, which requires that evidence be relevant to be admissible.

Respectfully submitted,

John J. Watkins
Chair

December 31, 2013

SLIP OPINION

# I. Arkansas Rules of Civil Procedure

**Rule 3.** **Commencement of Action; "Clerk" Defined; <u>Separate Actions and Filing Fees; Notice of Medical Injury</u>.**

(a) *Commencement.* (1) A civil action is commenced by filing a complaint with the clerk of the court<u>,</u> who shall note thereon the date and precise time of filing<u>, and by serving the summons and complaint in compliance with Rule 4(i).</u>

<u>(2) When the notice required by subdivision (d) of this Rule is served within sixty (60) days before expiration of the applicable statute of limitations, an action for medical injury shall be deemed commenced upon service of the notice if the complaint is filed with the clerk of the court within ninety (90) days after expiration of the applicable statute of limitations and the summons and complaint are served in compliance with Rule 4(i).</u>

(b) *Clerk.* The term "clerk of the court" as used in these Rules means the circuit clerk and, with respect to probate matters, any county clerk who serves as ex officio clerk of the probate division of the circuit court pursuant to Ark. Code Ann. § 14-14-502(b)(2)(B). In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement shall be satisfied when the complaint is filed with either the circuit clerk or the county clerk.

(c) *Separate Actions; Filing Fees.*

<u>(1)</u> The clerk shall assign a new case number and charge a new filing fee for the filing of any case that is refiled after having been dismissed.

<u>(2)</u> ~~(d)~~ No other claim or counterclaim for relief, including without limitation, divorce, annulment, separate maintenance, or paternity, shall be asserted in an action filed under the Domestic Abuse Act, Ark. Code Ann. § 9-15-101 et seq., but a separate action seeking other relief shall be filed, and the clerk shall assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

<u>(3)</u> ~~(e)~~ A petition for adoption cannot be asserted in a guardianship proceeding, but a separate action shall be filed, and the clerk shall assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

<u>(d) *Notice of Claim in Actions for Medical Injury.*</u>

<u>(1) No action for medical injury shall be commenced until at least sixty (60) days after service of a written notice of the claim upon each medical care provider to be named as a defendant. The notice shall include:</u>

<u>(A) the patient's full name, date of birth, present address, address at the</u>

time of the diagnosis, care, treatment, or procedure at issue, and the last four digits of his or her social security number;

(B) the full name and address of the person authorizing the notice and his or her relationship to the patient, if the notice is not sent by the patient;

(C) the full name and address of the attorney sending the notice, if applicable;

(D) the date or dates of the diagnosis, care, treatment, or procedure at issue and a description of the alleged injury;

(E) the names and addresses of the known medical care providers relating to the alleged injury; and

(F) an authorization permitting the medical care provider receiving the notice to obtain the patient's medical records from the medical care providers listed pursuant to paragraph (1)(E) of this subdivision (d).

(2) The notice shall be served on a medical care provider by certified mail, return receipt requested, or by a commercial delivery company qualified under Rule 4(d)(8)(C). For purposes of subdivisions (a)(2) and (d)(1) of this rule, service of the notice shall be deemed complete on mailing or on submitting it to a commercial delivery company, and the date of mailing or submission shall be the date of service.

(3) If the notice substantially complies with the requirements of paragraph (1) of this subdivision (d), an ensuing complaint based on the alleged injury shall not be dismissed on the ground that the notice was insufficient or otherwise defective.

(4) The notice may be accompanied by a request for production of copies of the plaintiff's medical records. The medical care provider shall produce the requested records within thirty (30) days of receipt of the notice. If the medical care provider fails to do so, the plaintiff may file an independent action for production. Upon finding that the medical care provider's failure to produce copies of the medical records was without good cause, the court shall award the plaintiff his or her costs and reasonable attorney's fees.

### Notes

Under the proposal, Rule 3 would be revised along the lines of a statute invalidated in *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), because it conflicted with the rule by conditioning commencement of an action for medical injury upon providing the defendant written notice of the claim. The bulk of the new provisions appear in subdivision (d) and a second paragraph added to subdivision (a). To make the rule more manageable in light of these changes, subdivisions (c)

through (e) of the present rule have been combined into a single subdivision (c) with multiple paragraphs.

Under Ark. Code Ann. § 16-114-212, added by Section 22 of Act 649 of 2003, the plaintiff in an action for medical injury must file a written notice of intent to sue in order to take advantage of a provision tolling the statute of limitations for ninety days. The drafters of this statute attempted to avoid the *Weidrick* problem by separating the notice requirement from commencement of the action. As a result, however, notice was optional and would be given only when a plaintiff needed extra time. Upon adoption of the proposed amendments to Rule 3, Section 16-114-212 would be superseded pursuant to Ark. Code Ann. § 16-11-301.

Subdivision (d)(1) requires the plaintiff to give a medical care provider written notice of the claim at least 60 days before commencing the action. Under paragraph (2), the notice must be served by certified mail, return receipt requested, or by commercial delivery company. Because service of the notice is complete when it is mailed or submitted to the commercial delivery company, the date of mailing or submission is the date of service for purposes of subdivisions (a)(2) and (d)(1).

The contents of the notice are essentially the same as in Section 16-114-212, although provision is made for the situation in which someone other than the patient sends the notice. Paragraph (3) of subdivision (d) requires only substantial compliance with the notice requirements. As under the statute, paragraph (4) gives the plaintiff the option to request copies of his or her medical records from the provider.

If the notice is served within the 60-day period before the statute of limitations expires, subdivision (a)(2) provides that an ensuing action for medical injury is deemed commenced upon service of the notice, provided that the complaint is filed with the clerk no later than 90 days after expiration of the statute of limitations and served with the summons in compliance with Rule 4(i). Also, a clause to the effect that compliance with Rule 4(i) is necessary to commence an action has been added to subdivision (a)(1), reflecting settled case law. E.g., *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991).

While there may be some doubt whether the Supreme Court may by rule provide for tolling a statute of limitations, subdivision (a)(2) determines when an action is commenced. As the Court observed in *Weidrick*, "few rules [are] more basic to the civil process than a rule defining the means by which complaints are filed and actions commenced. . . ." 310 Ark. at 146, 835 S.W.2d at 847.

**Rule 9. Pleading Special Matters.**

\* \* \*

(h) *Allocation of Nonparty Fault; Notice.* (1) In an action for personal injury, medical injury, wrongful death, or property damage, a defending party seeking to allocate fault to a nonparty pursuant to Ark. Code Ann. § 16-61-202(c) shall give notice as provided in paragraph (2) of this subdivision. This requirement does not apply with respect to a nonparty who has entered into a settlement agreement with the claimant.

(2) Notice shall be given in the initial responsive pleading, if the factual and legal basis upon which fault can be allocated is then known, or in an amended pleading pursuant to Rule 15 after the party discovers that information. The pleading shall:

(A) sufficiently identify the nonparty to permit service of process, regardless whether service can be made or the court has *in personam* jurisdiction over the nonparty; and

(B) state in ordinary and concise language facts showing that the nonparty is at fault for the personal injury, medical injury, wrongful death, or property damage alleged by the claimant.

(3) A party served with a pleading that identifies a nonparty pursuant to this subdivision may, within thirty (30) days after service, file an amended pleading pursuant to Rule 15 stating a claim against the nonparty.

(4) A party may not seek to allocate fault to a nonparty except by compliance with this subdivision.

## Notes

Proposed Rule 9(h) would establish the exclusive procedural mechanism for asserting the right to an allocation of fault created by Ark. Code Ann. § 16-61-202(c), as amended by Act 1116 of 2013, § 3. Other states have placed similar provisions in their rules that govern the pleading of special matters. *E.g.*, Mich. Ct. Rule 2.112(k); Utah R. Civ. P. 9(*l*). Subdivision (h) draws in part on those rules and on Section 2 of Act 649 of 2003, codified at Ark. Code Ann. § 16-55-202, which was held unconstitutional on separation-of-powers grounds in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (2009).

Under subdivision (h), a defendant asserts a contribution claim for allocation of nonparty fault in an answer or amended answer. By contrast, a defendant seeking contribution for damages may bring a third-party claim against a nonparty under Rule 14 or a cross-claim against a co-party under Rule 13. The procedural section of

the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-207, is inconsistent with Rule 9(h) and in some respects with Rules 13 and 14.† Upon adoption of Rule 9(h), Section 16-61-207 would be superseded pursuant to Ark. Code Ann. § 16-11-301.

Notice under Rule 9(h) is necessary if a nonparty's fault is to be considered by the trier of fact. *See* Proposed Amendments to Rules 49 and 52, *infra*. Under paragraph (1), however, the notice requirement does not apply if a nonparty has settled with the claimant. When there has been a settlement, there is no need for notice in light of Ark. Code Ann. § 16-61-204(d), which provides that "the remaining defendants are entitled to a determination by the finder of fact of the released joint tortfeasor's pro rata share of responsibility for the injured person's damages."

Under paragraph (2), notice must be given in the defending party's original responsive pleading, if the necessary information is then available, or in an amended pleading. Unlike former Section 16-55-202, under which notice could be given no later than 120 days before the trial date, paragraph (2) contains no deadline. Although Rule 15 allows a pleading to be amended as a matter of right, the court may, on motion, strike the amended pleading or grant a continuance if it determines that "prejudice would result or the disposition of the cause would be unduly delayed."

Paragraph (2)(A) requires that nonparties be identified in sufficient detail to permit service of process, even though service cannot be made and the court lacks *in personam* jurisdiction. This requirement guards against the practice of naming so-called "phantom tortfeasors." See *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785 (Tenn. 2000). Paragraph (2)(B) parallels Ark. R. Civ. P. 8(a) in requiring the same fact pleading necessary in a complaint. The requirement in former Section 16-55-202 – "a brief statement of the basis for believing the nonparty to be at fault" – was uncertain in scope but well short of the fact-pleading standard.

Paragraph (3) permits any party, within 30 days after being served with a

---

† For example, Ark. Code Ann. § 16-61-207(1) requires a motion for leave to serve a summons and third party complaint on a non-party, while Rule 14(a) allows service without leave of court if the defendant "files the third party complaint not later than 10 days" after filing an answer. Thereafter, the defendant must obtain leave of court. More significantly, Ark. Code Ann. § 16-61-207(3) appears, at least in some circumstances, to bar an independent action for contribution if relief can be obtained in the original action, a result inconsistent with the permissive nature of Rule 13(f), which provides for cross-claims against co-parties, and Rule 14(a).

pleading that identifies a nonparty, to amend his or her pleadings to assert a claim against the nonparty. Paragraph (4) makes plain that the procedure set out in subdivision (h) is the exclusive method for allocation of nonparty fault.

**Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions.**

(a) _Signature._ Every pleading, <u>written</u> motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his <u>or her</u> individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his <u>or her</u> pleading, motion, or other paper and state his <u>or her</u> address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. ~~The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that it complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information from case records submitted to the court. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.~~

<u>(b) _Certificate_. The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:</u>

<u>(1) it is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;</u>

<u>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;</u>

<u>(3) the factual contentions have evidentiary support;</u>

6

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information; and

(5) it complies with the requirements of Rule 5(c)(2) regarding redaction of confidential information from case records submitted to the court.

(c) *Sanctions*. (1) If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon any attorney or party who violated this rule an appropriate sanction.

(2) Sanctions that may be imposed for violations of this rule include, but are not limited to:

(A) an order dismissing a claim or action;

(B) an order striking a pleading or motion;

(C) an order entering judgment by default;

(D) an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee;

(E) an order to pay a penalty to the court;

(F) an order awarding damages attributable to the delay or misconduct;

(D) an order referring an attorney to the Supreme Court Committee on Professional Conduct or the appropriate disciplinary body of another state.

(3) The court's order imposing a sanction shall describe the sanctioned conduct and explain the basis for the sanction. If a monetary sanction is imposed, the order shall explain how it was determined.

(4) The court shall not impose a monetary sanction against a represented party for violating subdivision (b)(2), or on its own initiative, unless it issued the show-cause order under subdivision (c)(6) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(5) (b) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (a) (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion, (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the

motion.

(6) On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days.

**Notes**

The proposed changes reorganize and clarify the rule. Several revisions are based on language in Ark. R. App. P.-Civ. 11, which applies at when frivolous appeals are taken or other misconduct occurs at the appellate level. Other provisions are drawn from Fed. R. Civ. P. 11, but overall this rule differs significantly from its federal counterpart.

Upon adoption of these revisions and proposed Rule 11.1, *infra*, Section 21 of the Civil Justice Reform Act of 2003, codified at Ark. Code Ann. § 16-114-209, would be superseded pursuant to Ark. Code Ann. § 16-11-301. The Supreme Court invalidated a portion of the statute in *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007).

Subdivision (b) of the revised rule, which describes the certification made by the person who signs a pleading, motion, or paper, does not substantially change current law. It is taken from the federal rule but modified to reflect the requirement of fact pleading under the Arkansas rules.

As under present Rule 11(a), subdivision (c)(1) of the proposed rule requires the trial court to impose "an appropriate sanction" upon finding that the rule has been violated. Subdivision (c)(2) sets out a non-exclusive list of seven sanctions , six of which are identical or analogous to those in Ark. R. App. P.-Civ. 11(c). The other sanction, referring counsel to the Committee on Professional Conduct, is clearly within the power of the trial court. *See Ligon v. Stilley*, 2010 Ark. 418, 371 S.W.3d 615 (2010).

The introductory clause in subdivision (c)(2) is taken from Ark. R. App. P.-Civ. 11(c) and does not limit a sanction to that sufficient to serve as a deterrent. *Compare* Fed. R. Civ. P. 11(c)(4) (sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated").

In *Crockett & Brown v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), the Supreme Court held that an order imposing monetary sanctions under Rule 11 must explain the basis for the trial court's decision. This requirement, the Court said, is necessary for effective judicial review. *Id.* at 159, 901 S.W.2d at 830. Because this

rationale applies whether the sanction is monetary or nonmonetary, subdivision (c)(3) requires an explanation regardless of the sanction imposed. It also leaves intact the additional requirement from *Crockett & Brown* that the order must explain the manner by which the amount of a monetary sanction is determined. *Id.* at 159, 901 S.W.2d at 830-31 (listing the factors to be considered).

Under the current version of Rule 11(a), the trial court need not wait for a motion but may act "upon its own initiative" to impose sanctions. The rule, however, is silent as to the appropriate procedure. Subdivision (c)(6), which is based on Ark. R. App. P.-Civ. 11(d), fills this gap. *See also* Fed. R. Civ. P. 11(c)(3).

**Rule 11.1.  Actions for Medical Injury; Certificate of Expert Consultation.**

(a) In an action for medical injury in which expert testimony in required, the complaint shall be accompanied by a certificate of expert consultation executed by the plaintiff or attorney for the plaintiff.

(1) The certificate, which is subject to Rule 11, shall state that the plaintiff or attorney for the plaintiff has consulted with at least one expert who has provided a signed written statement confirming that upon information and belief he or she:

(A) is competent under Ark. R. Evid. 702 to express an opinion or opinions in the case; and

(B) believes, based on the information available from the medical records concerning the diagnosis, treatment, procedure, or care at issue, that there is a good faith basis to maintain the action; or

(C) believes, based on the information available from the medical records reviewed concerning the diagnosis, treatment, procedure, or care at issue and, as appropriate, information from the plaintiff or others with knowledge of those matters, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or the plaintiff's attorney, and that, despite the absence of this information, there is a good faith basis for maintaining the action.

(2) Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to the certification.

(b)(1) Within thirty (30) days after a defendant has filed an answer, amended answer, cross-claim, or third-party complaint alleging that another person or entity, including a non-party, is at fault for the injuries or death for which the plaintiff seeks to recover and expert testimony is required to prove fault as required by Ark. R.

9

Evid. 702, the defendant or attorney for the defendant shall execute and file a certificate of expert consultation.

(2) The certificate, which is subject to Rule 11, shall state that the defendant or attorney for the defendant has consulted with at least one expert who has provided a signed written statement confirming that upon information and belief he or she:

(A) is competent under Ark. R. Evid. 702 to express an opinion or opinions in the case; and

(B) believes, based on the information reviewed concerning the diagnosis, treatment, procedure, or care at issue, that there is a good faith basis for alleging fault against the person or entity; or

(C) believes, based on the information reviewed concerning the diagnosis, treatment, procedure, or care at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the information reasonably available to the defendant or attorney for the defendant, and that, despite the absence of this information, there is a good faith basis for alleging fault against the person or entity.

(c) A certificate of expert consultation is not required by an indigent person who has been granted leave to proceed *in forma pauperis* pursuant to Rule 72.

(d)(1) If the plaintiff or attorney for the plaintiff fails to file a certificate of expert consultation meeting the requirements of this rule, the action is subject to dismissal with prejudice upon the motion of any defendant.

(2) If the defendant or attorney for the defendant fails to file a certificate of expert consultation meeting the requirements of this rule, the defendant's allegations concerning the fault of a person or entity, including a nonparty, are subject to being stricken with prejudice upon the motion of any party, unless the plaintiff consents to waive compliance with this rule. If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations.

(3) The court may, upon motion, grant an extension within which to file a certificate of expert consultation if the court determines that a medical care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

(e) Except in connection with the imposition of sanctions under Rule 11, the written statement of an expert relied upon in executing the certificate of expert consultation is not discoverable.

(f) The Administrative Office of the Courts shall develop a form for the certificate

of expert consultation required by this rule.

**Notes**

Section 21 of the Civil Justice Reform Act of 2003, codified at Ark. Code Ann. § 16-114-209, requires dismissal if an affidavit of an appropriate expert is not filed within thirty days after filing of the complaint. The Supreme Court struck down the mandatory dismissal provision in *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007). Upon adoption of this rule and revised Rule 11, *supra*, Section 16-114-209 would be superseded pursuant to Ark. Code Ann. § 16-11-301.

Rule 11.1, which is based on Tenn. Stat. Ann. § 29-26-122, replaces the affidavit required by Section 16-114-209 with a "certificate of expert consultation." Under subdivision (a), the plaintiff or the plaintiff's attorney must file with the complaint a certificate stating that he or she has consulted an expert who is qualified to testify in the case and who believes there is a good faith basis for maintaining the action. Subdivision (c) provides an exception to the requirement for plaintiffs granted leave to proceed *in forma pauperis* pursuant to Rule 72.

If a defendant alleges that another person or entity, including a nonparty, is at fault for the plaintiff's injuries, subdivision (b) requires the defendant or the defendant's attorney to file a certificate within thirty days after filing the answer, amended answer, cross-claim, or third-party complaint containing the allegation. The certificate must state that he or she has consulted an expert who is qualified to testify in the case and who believes there is a good faith basis for alleging fault against the person or entity.

Under subdivision (d)(3), the trial court may, on motion, grant an extension of time to file a certificate if it determines that a medical care provider has failed to timely produce medical records relevant to the case, or on a showing of other good cause.

If the plaintiff fails to file a certificate meeting the requirements of the rule, subdivision (d)(1) provides that the complaint is subject to dismissal with prejudice. Likewise, a defendant's pleadings alleging fault are subject to being stricken with prejudice pursuant to subdivision (d)(2). Because subdivisions (a)(1) and (b)(2) make the certificates subject to Rule 11, sanctions under that rule are also available. By virtue of subdivision (e), the written statement of an expert relied upon in executing the certificate is discoverable only in connection with the imposition of Rule 11 sanctions.

As stated in subdivision (f), the Administrative Office of the Courts is to adopt

forms for the required certificates. The forms promulgated in Tennessee may be found online at https://www.tncourts.gov/node/431.

**Rule 42.  Consolidation; Separate Trials.**

\* \* \*

(b) *Separate Trials*. (1) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues.

(2) Notwithstanding paragraph (1), all actions tried before a jury in which punitive damages are sought shall, on motion of any party, be conducted in a bifurcated trial before the same jury. The jury shall first determine the liability of the defendant or defendants for compensatory damages, the amount of compensatory damages to be awarded, and the liability of the defendant or defendants for punitive damages. If necessary, the jury will then determine, in a separate proceeding, the amount of punitive damages to be awarded. Evidence of a defendant's financial condition shall not be admitted in the first proceeding unless relevant to an issue other than the amount of punitive damages.

**Notes**

New paragraph (2) has been added to subdivision (b), with its original text designated as paragraph (1). In jury cases, paragraph (2) requires a separate trial, on motion of any party, to determine the amount of punitive damages. All liability issues and the amount of compensatory damages will be decided in the initial phase of the trial, at which evidence of a defendant's financial condition is generally not admissible. Other states have adopted similar requirements by statute or case law. *E.g.*, Mo. Stat. Ann. § 510.263(1)-(3); Tenn. Code Ann. § 29-39-104(a); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

Some states require bifurcation of the entire punitive damages claim, *i.e.*, liability and amount, as does Section 14 of the Civil Justice Reform Act, codified at Ark. Code Ann. § 16-55-211. However, the approach reflected in paragraph (2) is preferable. As the Texas Supreme Court has explained: "[S]ome of the evidence relevant to punitive damage liability, such as evidence of gross negligence, will also be relevant to liability for actual damages. Bifurcating only the amount of punitive

damages therefore eliminates the most serious risk of prejudice, while minimizing the confusion and inefficiency that can result from a bifurcated trial." *Transportation Ins. Co. v. Moriel, supra*, 879 S.W.2d at 30.

Upon adoption of this rule, Section 16-55-211 would be superseded pursuant to Ark. Code Ann. § 16-11-301.

**Rule 49. Verdicts and Interrogatories.**

\* \* \*

(c) *Allocation of Fault*. (1) In an action for personal injury, medical injury, wrongful death, or property damage, the jury shall determine the fault of all persons or entities, including those not made parties, who may have joint liability or several liability for the alleged injury, death, or damage to property. However, the jury shall determine the fault of a nonparty only if:

(A) the claimant entered into a settlement agreement with the nonparty, or a defending party has given notice, as provided in Rule 9(h), that the nonparty was wholly or partially at fault; and

(B) the defending party has carried the burden of establishing a *prima facia* case of the nonparty's fault.

(2) The jury shall allocate the fault, on a percentage basis, among those persons or entities, including those not made parties, found to have contributed to the injury, death, or property damage.

(3) Assessment of the percentage of a nonparty's fault shall be used only for determining the percentage of fault of the parties. A finding of fault shall not subject a nonparty to liability in any action or be introduced as evidence of liability in any action.

**Notes**

Subdivision (c) implements Ark. Code Ann. §§ 16-60-201 & 16-60-202(c), as amended by Act 1116 of 2013. It is based in part on Section 2 of Act 649 of 2003, codified at Ark. Code Ann. § 16-55-202(a), which was invalidated on separation-of-powers grounds in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (2009). A corresponding change has been made in Rule 52(a), which applies in bench trials. Rule 9(h), cross-referenced in paragraph (1)(A), is the procedural mechanism for asserting the right to an allocation of fault created by Ark. Code Ann. § 16-61-202(c).

Paragraph (1) of subdivision (c) provides that, if certain conditions are met,

the jury must determine "the fault of *all persons and entities*, including those not made parties, *who may have joint liability or several liability*" for the alleged harm. The italicized language is taken from Ark. Code Ann. § 16-61-201 and is intended to be coextensive with the statute.

As stated paragraph (1)(A), the fault of a nonparty will be determined only if the claimant has settled with the nonparty or the defending party has given the notice required by Rule 9(h). Paragraph (1)(B) imposes another condition, *i.e.*, the defending party has carried its burden of establishing a *prima facia* case of the nonparty's fault. Placing this burden on the defending party is consistent with Act 649. *See* Ark. Code Ann. § 16-55-215 (Act 649 does not affect "existing law that provides that the burden of alleging and proving fault is upon the person who seeks to establish fault").

Paragraph (2) is based on language in former Section 16-55-202(a), and paragraph (3) is taken from former Section 16-55-202(c)(2) & (3).

**Rule 52. Findings by the Court.**

(a)(1) *Effect.* If requested by a party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions, the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules.

(2) *Allocation of Fault.* (A) In an action for personal injury, medical injury, wrongful death, or property damage tried without a jury, the court shall determine the fault of all persons or entities, including those not made parties, who may have joint liability or several liability for the alleged injury, death, or damage to property. However, the court shall determine the fault of a nonparty only if:

(i) the claimant entered into a settlement agreement with the nonparty,

14

or a defending party has given notice, as provided in Rule 9(h), that the nonparty was wholly or partially at fault; and

        (ii) the defending party has carried the burden of establishing a *prima facia* case of the nonparty's fault.

        (B) The court shall allocate the fault, on a percentage basis, among those persons or entities, including those not made parties, found to have contributed to the injury, death, or property damage.

        (C) Assessment of the percentage of a nonparty's fault shall be used only for determining the percentage of fault of the parties. A finding of fault shall not subject a nonparty to liability in any action or be introduced as evidence of liability in any action.

   \* \* \*

## Notes

The text of subdivision (a) has been designated as paragraph (1) and paragraph (2) has been added. The latter implements Ark. Code Ann. §§ 16-60-201 & 16-60-202(c), as amended by Act 1116 of 2013. It is based in part on Section 2 of Act 649 of 2003, codified at Ark. Code Ann. § 16-55-202(a), which was invalidated on separation-of-powers grounds in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (2009). A corresponding change has been made in Rule 49, which applies to jury verdicts. For discussion, see the notes accompanying that rule.

## II. Arkansas Rules of Appellate Procedure – Civil

### Rule 8. Stay Pending Appeal.

   \* \* \*

(c) *Supersedeas bond*. (1) Whenever an appellant entitled thereto desires a stay on appeal, he shall present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree or order of the circuit court. However, the maximum bond that may be required in any civil action under any legal theory shall be limited to twenty-five million dollars ($25,000,000), regardless of the amount of the judgment.

(2) If a party proves by a preponderance of the evidence that the party who has posted a bond in accordance with paragraph (1) of this subdivision (c) is purposely dissipating or diverting assets outside of the ordinary course of its business for the purpose of evading ultimate payment of the judgment, the court may enter orders as are necessary to prevent dissipation or diversion, including requiring that a bond be posted equal to the full amount of the judgment.

* * *

**Notes**

A second paragraph has been added to subdivision (c) of the rule, and the original text designated accordingly. The second paragraph and a new sentence at the end of the first paragraph are taken from Section 17 of Act 649 of 2003, codified at Ark. Code Ann. § 16-55-214. Upon adoption of these changes, the statute would be superseded pursuant to Ark. Code Ann. § 16-11-301. Also superseded would be Ark. Code Ann. §§ 16-68-301–16-68-306, outdated provisions referenced in Section 16-55-214 that were enacted as part of the Civil Code of 1868.

If a money judgment is to be stayed during an appeal, the appellant – other than the state or a state officer or agency – must post a supersedeas bond. Ark. R. Civ. P. 62(d) & (e). The bond must be "to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal." Ark. R. App. P.-Civ. 8(c). The phrase "all costs and damages" includes interest on the judgment that would accrue pending appeal. *Bailey v. Delta Trust & Bank*, 359 Ark. 424, 198 S.W.3d 506 (2004).

The final sentence of paragraph (1) sets the maximum amount at $25 million, as does Ark. Code Ann. § 16-55-214. Like the statute, paragraph (2) provides an exception when necessary to prevent the appellant from diverting or dissipating assets to evade payment of the judgment.