



# SUPREME COURT OF ARKANSAS

No.

| | |
|---|---|
| IN RE SPECIAL TASK FORCE ON PRACTICE AND PROCEDURE IN CIVIL CASES – PROPOSED AMENDMENT TO ARK. R. CIV. P. 3 | **Opinion Delivered** August 7, 2014 |

## PER CURIAM

The Special Task Force on Practice and Procedure in Civil Cases proposed amending Ark. R. Civ. P. 3, to provide presuit notice for medical-malpractice cases. *See In re Special Task Force on Practice & Procedure in Civil Cases*, 2014 Ark. 5 (per curiam). The proposal was referred to the Committee on Civil Practice along with the other recommendations of the Task Force. (Today, the court by separate per curiam orders addresses the other rules proposed by the Task Force.) The Committee, informed by the comments, did not endorse the rule proposed by the Task Force but revised it to address statute-of-limitations concerns. As revised by the Committee, this amendment, providing for presuit notice for medical-malpractice cases, would be effective upon the General Assembly's enactment of a companion limitations-tolling provision.

The Committee's recommendation appears below and is being published for comment. The Reporter's Notes provide further explanation of the proposed amendment. Comments should be submitted in writing to Clerk of the Supreme Court, Attention: Task Force Rules, Justice Building, 625 Marshall Street, Little Rock, AR 72201. The comment period expires on September 30, 2014. (The underlines and strikeouts illustrate changes from the current rule—not from the Task Force's proposals.)

SLIP OPINION

**Rule 3. Commencement of Action; "Clerk" Defined; Separate Actions and Filing Fees; Notice of Medical Injury.**

(a) *Commencement*. A civil action is commenced by filing a complaint with the clerk of the court, who shall note thereon the date and precise time of filing.

(b) *Clerk*. The term "clerk of the court" as used in these rules means the circuit clerk and, with respect to probate matters, any county clerk who serves as ex officio clerk of the probate division of the circuit court pursuant to Ark. Code Ann. § 14-14-502(b)(2)(B). In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement shall be satisfied when the complaint is filed with either the circuit clerk or the county clerk.

(c) *Separate Actions; Filing Fees*.

(1) The clerk shall assign a new case number and charge a new filing fee for the filing of any case that is refiled after having been dismissed.

(2) (d) No other claim or counterclaim for relief, including without limitation, divorce, annulment, separate maintenance, or paternity, shall be asserted in an action filed under the Domestic Abuse Act, Ark. Code Ann. §§ 9-15-101 et seq., but a separate action seeking other relief shall be filed, and the clerk shall assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

(3) (e) A petition for adoption cannot be asserted in a guardianship proceeding, but a separate action shall be filed, and the clerk shall assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

(d) *Notice of Claim in Actions for Medical Injury.*

(1) Upon enactment of a statute tolling the applicable statute of limitations as provided in paragraph (4) of this subdivision (d), no action for medical injury shall be commenced until at least sixty (60) days after service of a written notice of the claim upon each medical care provider to be named as a defendant. The notice shall include:

(A) the patient's full name, date of birth, present address, address at the time of the diagnosis, care, treatment, or procedure at issue, and the last four digits of his or her social security number;

(B) the full name and address of the person authorizing the notice and his or her relationship to the patient, if the notice is not sent by the patient;

2



(C) the date or dates of the diagnosis, care, treatment, or procedure at issue, a summary of the alleged wrongful conduct, and a description of the alleged injury;

(D) the names and addresses of the known medical–care providers who provided any care or treatment relating to the alleged injury; and

(E) an authorization permitting the medical–care provider receiving the notice to obtain the patient's medical records from the medical–care providers listed pursuant to subparagraph (D) of this paragraph (1).

(2) The notice shall be served on a medical–care provider by certified mail, return receipt requested, or by a commercial delivery company qualified under Rule 4(d)(8)(C). For purposes of paragraph (1) of this subdivision (d), service of the notice shall be deemed complete on mailing or on submitting it to a commercial delivery company, and the date of mailing or submission shall be the date of service.

(3) If the notice substantially complies with the requirements of paragraph (1) of this subdivision (d), an ensuing complaint based on the alleged injury shall not be dismissed on the ground that the notice was insufficient or otherwise defective.

(4) This subdivision (d) shall apply to actions filed after the effective date of a statute enacted by the General Assembly providing that when the notice specified in paragraph (1) of this subdivision is served within sixty (60) days before expiration of the applicable statute of limitations, the time for commencement of the action is extended by ninety (90) days after service of the notice, with the date of service determined in accordance with paragraph (2) of this subdivision.

**Addition to Reporter's Notes (2014 Amendment):** New subdivision (d) resolves the separation–of–powers issue at the core of *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992). There, the supreme court invalidated a statute which, contrary to Rule 3, conditioned commencement of an action for medical injury upon providing written notice of the claim to the defendant. Subdivision (d) adds this requirement to the rule, effective upon the General Assembly's enactment of a companion limitations–tolling provision.

The contents of the notice in paragraph (1) of subdivision (d) are based on Ark. Code Ann. § 16–114–212, added by Section 22 of Act 649 of 2003. Under section 16–114–212, notice is optional and is presumably given only when the plaintiff needed to take advantage of the tolling provision. The statute is deemed superseded pursuant to Ark. Code Ann. § 16–11–301 when subdivision (d) becomes effective.

Subdivision (d)(1)(C) is intended to require some notice of not only the injury but also what the defendant is alleged to have done wrong. In subdivision (d)(1)(D), the language



"who provided any care or treatment" is intended to make clear that the list of providers is not limited to those who contributed to the injury and includes those who subsequently treated or cared for the patient.

For housekeeping purposes, former subdivisions (d) and (e) of the rule have been added as separate paragraphs to subdivision (c).

HOOFMAN, J., not participating.