

Cite as 2014 Ark. 344

# SUPREME COURT OF ARKANSAS

**No.**

**Opinion Delivered** August 7, 2014

IN RE SPECIAL TASK FORCE ON PRACTICE AND PROCEDURE IN CIVIL CASES – PROPOSED AMENDMENTS TO ARK. R. CIV. P. 11 AND 42

**PER CURIAM**

Among the recommendations of the Special Task Force on Practice and Procedure in Civil Cases were proposed amendments to Ark. R. Civ. P. 11 and 42. *See In re Special Task Force on Practice & Procedure in Civil Cases*, 2014 Ark. 5 (per curiam). The proposals were referred to the Committee on Civil Practice along with the other recommendations of the Task Force. (Today, the court by separate per curiam orders addresses the other rules proposed by the Task Force.) The Committee considered these proposals and the numerous comments that were received after the proposal had been published for comment.

Rule 11, which addresses signing of pleadings and sanctions, has been revised by the Committee to include a new subsection (b)(5) because of the overwhelming number of negative comments received from both the plaintiff and defense perspective on the rule proposed by the Task Force, Rule 11.1. This revision replaces that proposed rule, which provided for a certificate of expert consultation. The proposed revision reads as follows:

(b) *Certificate*. The signature of an attorney or party constitutes a certificate by the

signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . .

(5) when a party's claim or affirmative defense may only be established in whole or in part by expert testimony, the party has consulted with at least one expert, or has learned in discovery of the opinion of at least one expert, who (i) is believed to be competent under Ark. R. Evid. 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim or affirmative defense; and

. . .

The entire rule as revised by the Committee appears below and is being published for comment; however, the only substantive change to the Task Force's draft is the addition of subsection (b)(5).

The Task Force proposed to amend Rule 42 to address the bifurcation of punitive-damages claims.[1] The Committee concluded that the rule should be revised to afford the

---

[1] Task Force's version: **Rule 42.**
. . .
(2) Notwithstanding paragraph (1), all actions tried before a jury in which punitive damages are sought shall, on motion of any party, be conducted in a bifurcated trial before the same jury. The jury shall first determine the liability of the defendant or defendants for compensatory damages, the amount of compensatory damages to be awarded, and the liability of the defendant or defendants for punitive damages. If necessary, the jury will then determine, in a separate proceeding, the amount of punitive damages to be awarded. Evidence of a defendant's financial condition shall not be admitted in the first proceeding unless relevant to an issue other than the amount of punitive damages.



circuit court more discretion. The Committee's recommendation appears below and is also being published for comment.

Comments should be submitted in writing to Clerk of the Supreme Court, Attention: Task Force Rules, Justice Building, 625 Marshall Street, Little Rock, AR 72201. The comment period expires on September 30, 2014. (The underlines and strikeouts illustrate changes from the current rules – not from the Task Force's proposals.) The Reporter's Notes provide further explanation of the respective rules.

**Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions.**

(a) *Signature.* Every pleading, <u>written</u> motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his <u>or her</u> individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his <u>or her</u> pleading, motion, or other paper and state his <u>or her</u> address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. ~~The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that it complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information from case records submitted to the court. If a pleading, motion, or other paper~~

3

SLIP OPINION

is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(b) *Certificate*. The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information;

(5) when a party's claim or affirmative defense may only be established in whole or in part by expert testimony, the party has consulted with at least one expert, or has learned in discovery of the opinion of at least one expert, who (i) is believed to be competent under Ark.

R. Evid. 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim or affirmative defense; and

(6) the pleading, motion, or other paper complies with the requirements of Rule 5(c)(2) regarding redaction of confidential information from case records submitted to the court.

(c) *Sanctions*. (1) If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon any attorney or party who violated this rule an appropriate sanction.

(2) Sanctions that may be imposed for violations of this rule include, but are not limited to:

(A) an order dismissing a claim or action;

(B) an order striking a pleading or motion;

(C) an order entering judgment by default;

(D) an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee;

(E) an order to pay a penalty to the court;

(F) an order awarding damages attributable to the delay or misconduct;

(G) an order referring an attorney to the Supreme Court Committee on Professional Conduct or the appropriate disciplinary body of another state.

(3) The court's order imposing a sanction shall describe the sanctioned conduct and explain the basis for the sanction. If a monetary sanction is imposed, the order shall explain how it was determined.

(4) The court shall not impose a monetary sanction against a represented party for violating subdivision (b)(2), or on its own initiative, unless it issued the show-cause order under subdivision (c)(6) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(5) (b) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (a) (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion, (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

(6) On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days.

**Addition to Reporter's Notes (2014 amendment):** The amendment reorganizes

and clarifies the rule. Several revisions are based on language in Ark. R. App. P.–Civ. 11, which applies when frivolous appeals are taken or other misconduct occurs at the appellate level. Other changes are based on Fed. R. Civ. P. 11, but overall this rule differs significantly from its federal counterpart.

With the adoption of these revisions, section 21 of the Civil Justice Reform Act of 2003, codified at Ark. Code Ann. § 16-114-209, is superseded pursuant to Ark. Code Ann. § 16-11-301. The Supreme Court invalidated a portion of the statute in *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007).

Subdivision (b) of the revised rule, which describes the certification made by the person who signs a pleading, motion, or paper, does not substantially change current law. It is based on the federal rule but modified to reflect the requirement of fact pleading under the Arkansas rules. Also, subsection (b)(5) makes plain that an attorney or a party certifies that he or she has consulted with and obtained an opinion from an expert, or learned the opinion of an expert in discovery, as to the reasonableness of a claim or affirmative defense, which may only be established, in whole or in part, by expert testimony. This provision replaces the affidavit requirement for medical injury cases invalidated in *Summerville v. Thrower, supra*, but is not limited to cases of that type.

As under former Rule 11(a), subdivision (c)(1) requires the trial court to impose "an appropriate sanction" upon finding that the rule has been violated. Subdivision (c)(2) sets out a non-exclusive list of seven sanctions, six of which are identical or analogous to those in Ark. R. App. P.–Civ. 11(c). The other sanction, referring counsel to the Committee on

Professional Conduct, is clearly within the power of the trial court. *See Ligon v. Stilley*, 2010 Ark. 418, 371 S.W.3d 615. The introductory clause in subdivision (c)(2) is taken from Ark. R. App. P.–Civ. 11(c) and does not limit a sanction to that sufficient to serve as a deterrent. *Compare* Fed. R. Civ. P. 11(c)(4) (sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated").

In *Crockett & Brown v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), the Supreme Court held that an order imposing monetary sanctions under Rule 11 must explain the basis for the trial court's decision. This requirement, the court said, is necessary for effective judicial review. *Id.* at 159, 901 S.W.2d at 830. Because this rationale applies whether the sanction is monetary or nonmonetary, subdivision (c)(3) requires an explanation regardless of the sanction imposed. It also leaves intact the additional requirement from *Crockett & Brown* that the order must explain the manner by which the amount of a monetary sanction is determined. *Id.* at 159, 901 S.W.2d at 830–31 (listing the factors to be considered).

Under former Rule 11(a), the trial court could act "upon its own initiative" to impose sanctions, without waiting for a motion. However, the rule was silent as to the appropriate procedure. Subdivision (c)(6), which is based on Ark. R. App. P.–Civ. 11(d), fills this gap. *See also* Fed. R. Civ. P. 11(c)(3).

**Rule 42. Consolidation; Separate Trials.**

. . .

(b) *Separate Trials*. (1) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate

trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues.

(2) Notwithstanding paragraph (1), all actions tried before a jury in which punitive damages are sought shall, on the motion of any party and if warranted by the evidence, be conducted in a bifurcated trial before the same jury. The jury shall first determine the liability of the defendant or defendants for compensatory damages, the amount of compensatory damages to be awarded, and, at the discretion of the circuit court, the liability of the defendant or defendants for punitive damages. Should it be necessary, the jury will then determine, in a separate proceeding, the liability of the defendant or defendants for punitive damages, if that issue was not decided previously, and the amount of punitive damages to be awarded. Evidence of a defendant's financial condition shall not be admitted in the first proceeding unless relevant to an issue other than the amount of punitive damages.

**Addition to Reporter's Notes (2014 amendment):** New paragraph (2) has been added to subdivision (b), with its original text designated as paragraph (1). In jury trials, paragraph (2) requires a separate trial, on motion of any party, to determine the amount of punitive damages. The circuit court, in the exercise of its discretion, determines whether liability for punitive damages is to be decided in the first or second phase of the bifurcated proceeding. With the adoption of this amendment, Ark. Code Ann. § 16-55-211 is superseded pursuant to Ark. Code Ann. § 16-11-301.

Section 16-55-211 required bifurcation of the entire punitive-damages claim on motion of a party, as do statutes elsewhere. *E.g.*, Minn. Stat. Ann. § 549.20(4); S.C. Code

§ 15-32-520. By contrast, other states require a separate trial only as to the amount of punitive damages. *E.g.*, Mo. Stat. Ann. § 510.263(1)-(3); Tenn. Code Ann. § 29-39-104(a).

The amendment stakes out a middle ground between these approaches; codifies the pre-2003 practice in Arkansas; and, except as to the amount of punitive damages, leaves the extent of bifurcation to the discretion of the circuit court.

HOOFMAN, J., not participating.