2012 Ark. 14

**Teresa L. BROUSSARD, Appellant**

v.

**ST. EDWARD MERCY HEALTH SYSTEM, INC. d/b/a St. Edward Mercy Medical Center Sisters of Mercy Health System, St. Louis, Inc.; Dr. Stephen Seffense; Dr. Michael Coleman, Jr.; Mary Brewer; Tony McClory; Gayla Patterson; Jim Self; Jane Does Nos. 1–5; and John Does Nos. 1–5, Appellees.**

**No. 11–561.**

Supreme Court of Arkansas.

Jan. 19, 2012.

Baker Schulze & Murphy, by: J.G. "Gerry" Schulze, Little Rock, for appellant.

Ledbetter, Cogbill, Arnold & Hsrrison LLP, by: J. Michael Cogbill and Rebecca D. Hattabaugh, Fort Smith, for appellee St. Edward Mercy Health System, Inc.

Conner & Winters, LLP, by: Alan G. Wooten and Vicki Bronson, Fayetteville, for appellees Dr. Stephen Seffense and Dr. Michael Coleman, Jr.

JIM HANNAH, Chief Justice.

Teresa L. Broussard appeals a decision of the Sebastian County Circuit Court entering summary judgment in favor of St. Edward Mercy Medical Center, Dr. Michael Coleman, Jr., and Dr. Stephen Seffense. Broussard asserts that the trial court erred in finding Arkansas Code Annotated section 16–114–206 (Repl.2006) constitutional. More specifically, Broussard argues that the requirement in section 16–114–206(a) that proof in medical-malpractice cases must be made by expert testimony by "medical care providers of the same specialty as the defendant" violates section 3 of amendment 80. We hold that the provisions in section 16–114–206(a), which provide that expert testimony may only be given by "medical care providers of the same specialty as the defendant," violate the separation-of-powers doctrine, amendment 80, and the inherent authority of the courts to protect the integrity of proceedings and the rights of the litigants. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(1) (2011).

On April 25, 2006, Dr. Seffense performed a parathyroidectomy on Broussard. After her surgery, Broussard developed what she believed to be a burn located near the surgical site.[1] Broussard experienced swelling and pain at the site. She believed that part of the pain was related to the surgery and that part was due to the burn. Broussard was released from the hospital on May 1, 2006. At that time, according to Broussard, the swelling had partially gone down, but the redness in the tissue remained. Broussard described the tissue at the incision as tough and leathery, and she said that black and purplish lines soon appeared that increased in size over time. She went to the emergency room on May 7, 2006, due to pain from the burn, but she was admitted for hypocalcemia and hyperkalemia, conditions related to renal failure. During this second hospitalization, Broussard was under the care of her nephrologist, Dr. Coleman, Jr. While in the hospital under Dr. Coleman, Jr.'s care, Broussard sought and obtained a consultation with a dermatologist regarding the burn. According to Broussard, she was told that the condition at her neck and upper chest would improve and that the damaged skin would slough off and heal. She remained in the hospital at St. Edward on this occasion until May 15, 2006.

Ultimately, a black eschar (dead and sloughing tissue) developed at her neck and chest. On May 18, 2006, Broussard was admitted to the Hillcrest Burn Center in Tulsa, Oklahoma. There, she underwent removal of "pigskin" and received skin grafts.

Broussard sued St. Edward Mercy Health System, Inc., d/b/a St. Edward Mercy Medical Center Sisters of Mercy Health System, St. Louis, Inc., Dr. Seffense, Dr. Coleman, Jr., and the nurses and technicians present in the operating room. While Broussard's notice of appeal indicates that she is appealing summary judgment entered in favor of St. Edward, she has limited her arguments on appeal to the alleged liability of Dr. Seffense and Dr. Coleman, Jr. She has, therefore, abandoned all claims on appeal except those against Dr. Seffense and Dr. Coleman, Jr.

---

1. Because Broussard was unable to discover the cause of the injury or burn, she has not pursued alleged medical malpractice in causing the burn but has instead alleged and pursued a medical-malpractice action based on alleged negligence in treatment of the burn.

The circuit court decided the constitutionality of section 16–114–206(a) in the context of a motion for summary judgment. Generally, in reviewing the grant of a motion for summary judgment, the appellate court determines if summary judgment was appropriate based on whether the evidence presented in support of summary judgment leaves a material question of fact unanswered. *Daimler-Chrysler Servs. N. Am., LLC v. Weiss,* 360 Ark. 188, 192–93, 200 S.W.3d 405, 407 (2004). However, this summary-judgment motion was decided based on the circuit court's decision on the constitutionality of section 16–114–206(a). The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *DaimlerChrysler,* 360 Ark. at 193, 200 S.W.3d at 407.

The circuit court found section 16–114–206(a) constitutional in that it "establishes substantive law regarding the duty of a plaintiff to produce an expert witness with a requisite level of knowledge, skill, experience, training, or education and . . . sets forth the procedure that governs when such a qualified witness may testify." The circuit court further stated that "[a]n expert of the same specialty could state definitively what a general surgeon and nephrologist should have done with respect to the standard of care pursuant to such a state of facts such as are presented here." Broussard asserts that the circuit court erred because section 16–114–206(a) sets a rule of procedure in violation of the separation-of-powers doctrine and section 3 of amendment 80.

Every statute enjoys a presumption of constitutionality. *Johnson v. Rockwell Automation, Inc.,* 2009 Ark. 241, at 4, 308 S.W.3d 135, 139. The party asserting that a statute is unconstitutional bears the burden of demonstrating that the statute violates the constitution. *Id.,* 308 S.W.3d at 139. Any doubt is resolved in favor of constitutionality. *Id.,* 308 S.W.3d at 139. Further, when possible, a statute will be construed so that it is constitutional. *Id.,* 308 S.W.3d at 139. When construing a statute, we interpret the statute to give effect to the intent of the General Assembly. *Id.,* 308 S.W.3d at 139. We determine legislative intent from the ordinary meaning of the language used where the language of the statute is plain and unambiguous. *Id.,* 308 S.W.3d at 139. Words in the statute are given their ordinary and usually accepted meaning in common language. *Id.,* 308 S.W.3d at 139.

Section 16–114–206(a) provides as follows:

(a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:

(1) *By means of expert testimony provided only by a medical care provider of the same specialty as the defendant,* the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;

(2) *By means of expert testimony provided only by a medical care provider of the same specialty as the defendant* that the medical care provider failed to act in accordance with that standard; and

(3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Arkansas Code Annotated § 16–114–206(a) (emphasis added). The parties agree that at least some issues in this case do not lie within the jury's comprehension as a mat-

ter of common knowledge and that expert testimony is required to assist the trier of fact in understanding the evidence and determining facts in issue. Therefore, expert testimony is necessary in the trial of this case. *See* Ark. R. Evid. 702.

According to the circuit court, the phrase "a medical care provider of the same specialty as the defendant" is constitutional because it constitutes substantive law setting out the burden of proof. Substantive law "creates, defines, and regulates the rights, duties, and powers of parties." *Johnson*, 2009 Ark. 241, at 8, 308 S.W.3d at 141 (quoting *Summerville v. Thrower*, 369 Ark. 231, 237, 253 S.W.3d 415, 419–20 (2007)). In contrast, procedural law prescribes "the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Id.*, 308 S.W.3d at 141 (quoting *Summerville*, 369 Ark. at 237, 253 S.W.3d at 419–20). Procedural matters lie solely within the province of this court. *Id.*, 308 S.W.3d at 141. The General Assembly lacks authority to create procedural rules, and this is true even where the procedure it creates does not conflict with already existing court procedure. *Id.*, 308 S.W.3d at 141.

Section 16–114–206 purports to set out the burden of proof that must be met to prevail in a medical-malpractice action. A burden of proof defines and regulates the party's right to recovery and, therefore, constitutes substantive law. *See, e.g., United States v. Davis*, 125 F.Supp. 696 (W.D.Ark.1954). Pursuant to section 16–114–206(a), where asserted medical negligence lies outside the jury's comprehension as a matter of common knowledge, the plaintiff's burden of proof is to show by testimony of "a medical care provider of the same speciality as the defendant," the standard of care for the same type of practice in the same or a similar locality, that the standard was breached, and that as a proximate cause of that breach the plaintiff was injured. However, the phrase at issue, "[b]y means of expert testimony provided only by a medical care provider of the same specialty as the defendant," does not define rights or duties.[2] It sets qualifications a witness must possess before he or she may testify in court. As a general rule, whether any witness will be allowed to testify is a matter left to the discretion of the trial court. *See, e.g., Williams v. Ingram*, 320 Ark. 615, 899 S.W.2d 454 (1995). The authority to decide who may testify and under what conditions is a procedural matter solely within the province of the courts pursuant to section 3 of amendment 80 and pursuant to the inherent authority of common-law courts. *See* Ark. Const., amend. 80, § 3 and *City of Fayetteville v. Edmark*, 304 Ark. 179, 194, 801 S.W.2d 275, 283 (1990) ("The trial court controls the admissibility of evidence and the determination of applicable law and always has the inherent authority to secure the fair trial rights of litigants before it.")

Where expert testimony is required, this court has already set out the procedure to be followed in Arkansas Rule of Evidence 702, which has been incorporated within the medical malpractice act in Arkansas Code Annotated section 16–114–207 (Repl.2006). Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qual-

---

2. Appellees cite *Cathey v. Williams*, 290 Ark. 189, 718 S.W.2d 98 (1986) for the proposition that this court has already held that section 16–114–206 (Ark. Stat. Ann. § 34–2614 (Supp.1985)) is substantive law. However, the challenged language was not part of the statute at that time.

ified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Further, Rule 702 "applies equally to all types of expert testimony." *See Coca–Cola Bottling Co. v. Gill,* 352 Ark. 240, 262, 100 S.W.3d 715, 729 (2003). The challenged language, "[b]y means of expert testimony provided only by a medical care provider of the same specialty as the defendant," which adds requirements to Rule 702, attempts to dictate procedure and invades the province of the judiciary's authority to set and control procedure. As such, it violates the separation-of-powers doctrine, amendment 80, and the inherent authority of the courts to protect the integrity of proceedings and the rights of the litigants.[3] As the offending language added in 2003 is severable, the rest of the malpractice act, including the remainder of section 16–114–206(a)(1) and (2), is unaffected by this decision.

Finally, we address the circuit court's conclusion that because the amended complaint only makes assertions of negligence against Dr. Seffense regarding events in the operating room, and because Broussard's expert only provides opinion regarding treatment after surgery, there is a failure of proof justifying entry of summary judgment in Dr. Seffense's favor. The object of summary–judgment proceedings is to determine if there are any issues to be tried. *See Flentje v. First Nat. Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000). Although Broussard alleges in her pleadings that Dr. Seffense is negligent for events occurring in the operating room, events in the operating room were not at issue in this case as developed during discovery. Based on discovery undertaken, the parties seem to have understood that Broussard was alleging negligence in treatment of the burn as opposed to events in the operating room, and the motion for summary judgment was tried largely on that basis. Broussard's expert affidavit indicated alleged negligence of Dr. Seffense with respect to care after surgery. However, Broussard did not amended her pleadings to conform with this legal theory. With some limitations, under Arkansas Rule of Civil Procedure 15, a party may amend pleadings at any time. The question of whether Broussard may amend her pleadings has not been addressed. We remand to the circuit court for a determination of whether Broussard may amend her pleadings to conform to the allegations she is making.

We reverse and remand for this determination and for further proceedings consistent with this opinion.

---

3. The phrase at issue in this case was added by the General Assembly to section 16–114–206(a) in 2003. The issue of whether Broussard's expert would have qualified under the law prior to the 2003 amendments was raised and argued by the parties; however, no ruling on the issue was obtained. The failure to obtain a ruling precludes our review of the issue because, under appellate jurisdiction, this court is limited to reviewing an order or decree of a lower court. *See Gwin v. Daniels,* 357 Ark. 623, 626, 184 S.W.3d 28, 30 (2004).