

# SUPREME COURT OF ARKANSAS

**Opinion Delivered** January 30, 2014

IN RE SPECIAL TASK FORCE ON
PRACTICE AND PROCEDURE IN
CIVIL CASES – FINAL REPORT

---

**PER CURIAM**

Our Special Task Force on Practice and Procedure in Civil Cases submitted its final report containing a recommendation to amend Rule 702 of the Arkansas Rules of Evidence. With this submission, the task force has fulfilled the mission assigned to it. We previously published the task force's interim report. *See In re Special Task Force on Practice and Procedure on Civil Cases*, 2014 Ark. 5 (per curiam).

The court is sincerely grateful for the time and scholarship that the task force devoted to this project. We know this work took valuable time away from the members' busy schedules. They came to this task in the spirit of public service to deal with divisive issues affecting not only the court system but also intergovernmental relations. Again, we thank Professor John Watkins, who chaired this endeavor, and each member: Representative Mary Broadaway, Brian Brooks, Esq., Paul Byrd, Esq., Kevin Crass, Esq., Jim Julian, Esq., Senator David Johnson, Troy Price, Esq., Mike Rainwater, Esq., and Representative Matthew Shepherd.

The task force's work product, however, is not the end of the process. The task force has given the court an excellent starting point. The Civil Practice Committee will now

SLIP OPINION

entertain and consider comments from the bench, bar, and interested parties and will make recommendations to the court. With the benefit of the work of the task force and the committee, the court will be well positioned to consider rule changes affecting parties and liability in negligence, medical malpractice, and related actions. Our job is to ensure that our rules, and any revisions to them, provide for a court system that is fair, equitable and efficient to all.

The task force's final report is appended. We publish its Rule 702 proposal for comment under the same time line outlined in our earlier order. Comments should be submitted in writing to Les Steen, Clerk of the Supreme Court, Attention: Task Force, Justice Building, 625 Marshall Street, Little Rock, AR 72201. The comment period expires on March 14, 2014.



# FINAL REPORT OF THE SPECIAL TASK FORCE

# ON PRACTICE AND PROCEDURE IN CIVIL CASES

On December 31, 2013, the Task Force submitted to the Supreme Court an interim report accompanied by recommended changes in various court-adopted procedural rules that apply in negligence, medical malpractice, and related cases. Left unresolved was one issue, i.e., whether to include in Ark. R. Evid. 702 a "same specialty" requirement for experts in actions for medical injury. *See* Act 649 of 2003, § 18.

Having further considered this issue, the Task Force now recommends that Rule 702 be amended as set out in the accompanying draft. New material is underlined, while material to be deleted is lined through.

## I. Background

Before enactment of Act 649 of 2003, the Civil Justice Reform Act, there was no "same specialty" requirement in Arkansas law. In the leading case of *Cathey v. Williams*, 290 Ark. 189, 718 S.W.2d 98 (1986), Justice George Rose Smith, writing for a unanimous court, quoted with approval from a California case:

> Nor is it critical whether a medical expert is a general

SLIP OPINION

practitioner or a specialist so long as he exhibits knowledge of the subject. Where a duly licensed and practicing physician has gained knowledge of the standard of care applicable to a specialty in which he is not directly engaged but as to which he has an opinion based on education, experience, observation or association with that specialty, his opinion is competent.

*Id.* at 192, 718 S.W.2d at 101.

The issue in *Cathey* was whether the trial court erred in allowing a general practitioner to offer expert testimony in a case against a neurosurgeon alleged to have been negligent in failing to order an immediate CT scan. Under Rule 702 and the standard set out above, the Court found no error. Justice Smith elaborated as follows:

No branch of the medical practice can be isolated from all other branches. Some overlapping is unavoidable. It is common knowledge, for example, that family doctors routinely deliver babies, even though obstetrics is a specialty. We are not holding that general practitioners are qualified to give opinion testimony about matters as to which a specialist's knowledge and skill are essential. We do hold that when the particular issue relates to a question lying within the general practitioner's own area of expertise, he is not prohibited by the malpractice statute from testifying upon that question as an expert.

*Id.* at 194, 718 S.W.2d at 101. See also *First Commercial Trust Co. v. Rank*, 323 Ark. 390, 915 S.W.2d 262 (1996) (emergency medicine physician should have been allowed to testify as expert in action against family practitioner as to standard of care for diagnosing child abuse); *Thomas v. Sessions*, 307 Ark. 203, 818 S.W.2d 940 (1991) (in

action against emergency room doctors, general practitioner who regularly saw patients with cardiac problems could state opinion concerning early indications of myocardial infarction).

Section 18 of Act 649 amended Ark. Code Ann. § 16-114-206(a) to require that expert testimony be "provided only by a medical care provider of the same specialty as the defendant." The term "medical care provider" is defined in Ark. Code Ann. § 16-114-201(2) to mean:

> a physician, certified registered nurse anesthetist, physician's assistant, nurse, optometrist, chiropractor, physical therapist, dentist, podiatrist, pharmacist, veterinarian, hospital, nursing home, community mental health center, psychologist, clinic, or not-for-profit home health care agency licensed by the state or otherwise lawfully providing professional medical care or services, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services[.]

The Court held the "same specialty" requirement unconstitutional in *Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14, 386 S.W.3d 385. Because this portion of Section 16-114-206(a) "sets qualifications a witness must possess before he or she may testify in court," Chief Justice Hannah wrote, it impinged upon "[t]he authority [of the Supreme Court] to decide who may testify and under what conditions . . . pursuant to section 3 of amendment 80 and pursuant to the inherent authority of common-law courts." 2012 Ark. 14, at 6, 386 S.W.3d at 389.



## II. Discussion

The Task Force considered three options:

(1) Make no changes in Rule 702, thereby returning to the case law that was controlling prior to the enactment of the Civil Justice Reform Act;

(2) Amend Rule 702 by adding a new paragraph incorporating the "same specialty" requirement of the CJRA; and

(3) Amend Rule 702 by adding a new paragraph that: (a) adopted a "same or related specialty" requirement for experts in actions against physicians and dentists, whose specialties are nationally defined[1] and in some instances overlap;[2] (b) made the requirement inapplicable when the diagnosis, care, treatment, or procedure was unrelated to the defendant's specialty; (c) required that experts in actions against

---

[1] Medical specialties are determined by the American Board of Medical Specialties and the American Osteopathic Association. Dental specialties are recognized by the American Dental Association.

[2] *See* Md. Code Courts & Judicial Proc. § 3-02A-02(c)(2)(ii)(1)(B) ("same or related specialty"); Ohio Rev. Code § 2743.43(a)(3) ("same or a substantially similar specialty"). *See also Mitchell v. United States*, 141 F.3d 8, 15–16 (1st Cir. 1998) (internist with specialty in hematology was qualified to testify as to gastroenterologist's treatment of colonoscopy patient on anticoagulant therapy); *Fabianke v. Weaver*, 527 So. 2d 1253, 1258 (Ala. 1988) (routine prenatal, labor, and delivery is an area of overlapping expertise between family practice and ob/gyn specialties); *Marshall v. Yale Podiatry Group*, 496 A.2d 529, 531 (Conn. App. 1985) (where evidence shows that specialties overlap and the standard of care is common to each, an expert from either of the overlapping groups who is familiar with the common standard is competent to testify as to that standard).

other medical professionals, such as nurses and pharmacists, hold a license, certificate, or registration that is substantially equivalent to that of the defendant; and (d) required that experts in actions against hospitals, nursing homes, and other entities have substantial knowledge, by virtue of their training and experience, of the standard of care applicable to a provider of the same type as the defendant.

Not surprisingly, the second option became known among Task Force members as the "short version" of Rule 702, while the third option was called the "long version."

There was no support for leaving Rule 702 unchanged. Proponents of the short version argued that it conforms to the practice under the CJRA, with which lawyers who work in this area have grown comfortable. On the other hand, they claimed that the long version, despite its attempt at greater specificity, would invite litigation over its terms. More fundamentally, they contended that the "related specialty" provision would negate the "same specialty" requirement because standards of care may vary between specialties in the areas where they overlap. They also took issue with the exception applicable when the care, treatment, or procedure is unrelated to the defendant's specialty, contending that the work of a specialist is, by definition, related to his or her specialty. Under this view, the exception would come into play only in narrow circumstances, e.g., a practitioner performed a procedure for which

SLIP OPINION

he or she was wholly unqualified.

Advocates for the long version argued that the "same specialty" requirement is too vague, pointing out that it has not been authoritatively construed by an Arkansas appellate court.[3] Further, they noted that its counterpart in the CJRA was used as a shield against expert testimony in actions against medical care providers for whom there are not recognized specialties, such as nurses. Likewise, they contended that the "related specialty" rule is necessary for the same reason, as lawyers for specialists of one type have prevented the testimony of specialists of another type, despite the fact that both perform the same procedure or offer the same treatment. Finally, they argued that the exception was not as narrow as suggested above. Consider, for example, a patient injured as the result of improper chest tube placement by an orthopedic surgeon moonlighting in an emergency room. Because that procedure is not unique to orthopedists, expert testimony of another orthopedic surgeon would not be required to prove negligence.[4]

---

[3] There is little case law from states with same-specialty statutes. *E.g.*, *Woodward v. Custer*, 719 N.W.2d 842, 851 (Mich. 2006) (defining "specialty" as "a particular branch of medicine or surgery in which [a physician] can potentially become board certified"); *Panayiotou v. Johnson*, 995 So. 2d 871, 877 (Ala. 2008) (holding that "if an appropriate American medical board recognizes an area of medicine as a distinct field and certifies health-care providers in that field, that area is a specialty.").

[4] *See Katsetos v. Nolan*, 368 A.2d 172, 178 (Conn. 1976) (because standard of care for diagnosis and treatment of shock was common to all medical specialties, it was not necessary that



The Task Force discussed the competing versions and debated the issues at two meetings and in numerous email exchanges. Led by Senator David Johnson in the chair's absence, the members reached a compromise that combined elements of both versions. That proposal, which the Task Force approved unanimously, is discussed below.

## III. Proposed Amendment

The proposed amendment would designate the present text of Rule 702 as subdivision (a) and add a new subdivision (b) providing additional requirements for expert witnesses in actions for medical injury who testify "as to the applicable standard of care, compliance with that standard, and failure to act in accordance with that standard."

Paragraph (1) of subdivision (b) adopts a "same specialty" requirement for experts when the defendant is "a physician, dentist, or other health care professional for whom areas of specialization are commonly recognized." As noted previously, distinct specialties are recognized for physicians and dentists, who can become board-certified in a particular specialty. Because the rule speaks only in terms of a "specialty," it does not require that an expert be board-certified when the defendant

---

plaintiff's experts be of same specialty as defendants.)

SLIP OPINION

has that credential. *Compare* Mich. Comp. L. § 600.2169(1)(a) ("[I]f the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.").

Paragraph (2) of subdivision (b) establishes a different requirement when the defendant is a health care professional for whom areas of specialization are not commonly recognized. In this situation, an expert may testify if he or she is "a medical care provider with the same type of professional license, certificate, registration, or other authorization" as the defendant. For example, a licensed practical nurse (LPN) could not testify as an expert in an action against a registered nurse (RN), because the licensing requirements for the two are different. However, one RN could testify as an expert in an action against another RN, even if the former was not then performing the same duties as the latter.

In vicarious-liability actions against hospitals, nursing homes, and other institutional defendants, application of paragraph (1) or (2) would turn on whose allegedly negligent act is the basis of the entity's liability. If, for example, an emergency room physician employed by the defendant hospital is alleged to be at fault, an expert witness is governed by paragraph (1). On the other hand, if the employee is a registered nurse, paragraph (2) controls.



Finally, it should be noted that subdivision (b) applies to all expert witnesses in actions for medical injury, no matter on whose behalf the witness testifies.

The text of Rule 702 with the proposed amendment is enclosed. In keeping with the style of the Rules of Evidence, there are no accompanying notes.

Respectfully submitted,

John J. Watkins, Chair

January 24, 2014

**Arkansas Rules of Evidence**

**Rule 702. Testimony By Experts.**

(a) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

(b) In addition to the requirements of paragraph (a) of this rule, a witness in an action for medical injury may testify as to the applicable standard of care, compliance with that standard, and failure to act in accordance with that standard only if:

(1) the witness is a medical care provider of the same specialty as the person whose conduct is at issue when that person is a physician, dentist, or other health care professional for whom areas of specialization are commonly recognized;

11



SLIP OPINION

or

   (2) the witness is a medical care provider with the same type of professional license, certificate, registration, or other authorization as the person whose conduct is at issue when that person is a health care professional for whom areas of specialization are not commonly recognized.