Karen R. Baker, Justice, concurring. I concur in the majority’s disposition but write separately because I would apply a different analysis to answer the certified question presented. The certified question presents an issue of statutory construction. The two statutes at issue are first, Ark.Code Ann. § 23-79-208 under chapter seventy-nine, “Insurance Policies Generally,” sub-chapter two, “Suits Against Insurers.” Second, Ark.Code Ann. § 16-22-308 under chapter twenty-two, “Attorneys at Law,” sub-chapter three “Rights and Liabilities.” Ark.Code Ann. § 23-79-208 provides in pertinent part: (a)(1) In all cases in which loss occurs and the ... property ... insurance company ... or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the. loss, together with all reasonable attorney’s fees for the prosecution and collection of the loss. [[Image here]] (d)(1) Recovery of less than the amount demanded by the person entitled to recover | sunder the policy shall not defeat the right to the twelve percent (12%) damages and attorney’s fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit. (2) Notwithstanding the provisions of subdivision (d)(1) of this section, in all cases' involving a homeowner’s policy, the right to reasonable attorney’s fees provided for in this section shall arise if the amount recovered for the loss is within thirty percent (30%) of the , amount demanded or which is sought in the suit. Ark.Code Ann. § 16-22-308 provides in its entirety: In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney’s fee to be assessed by the court and collected as costs. The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. Broussard, v. St Edward Mercy Health Sys., Inc., 2012 Ark. 14, 386 S.W.3d 385. In reviewing these statutes, “[t]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.” Potter v. City of Tontitown, 371 Ark. 200, 209, 264 S.W.3d 473, 481 (2007). However, “[t]he basic rule of statutory construction to which all interpretive guides must yield is to give effect to the intent of the General Assembly.” Ark. Tobacco Control Bd. v. Santa Fe Natural Tobacco Co., 360 Ark. 32, 199 S.W.3d 656 (2004). “When a statute is ambiguous, ... we must interpret it according to the legislative intent, and its review becomes an examination of the whole act.” Johnson v. Dawson, 2010 Ark. 308, at 5, 365 S.W.3d 913, 916. Finally, a statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful ^meaning that reasonable minds might disagree or be uncertain as to its meaning. Cave City Nursing Home, Inc. v. Ark. Dep’t of Human Sens., 351 Ark. 13, 89 S.W.3d 884 (2002); Voltage Vehicles v. Ark. Motor Vehicle Comm’n, 2012 Ark. 386, 424 S.W.3d 281. Here, Ark.Code Ann. § 23-79-208(d)(l) and (2) does not provide for the recovery of attorney’s fees if the recovered amount is not twenty percent (20%) under section (d)(1) or thirty percent (30%) under section (d)(2) of the amount demanded or which is sought in the suit. However, Ark.Code Ann. § 23-79-208 is silent as to whether a party that does not met the prescribed recovery amount may then seek to recover attorney’s fees pursuant to Ark.Code Ann. § 16-22-308. Stated differently, whether a party that is precluded from the recovery of attorney’s fees because it did not recover within 20% or 30% of the amount it demanded, may then seek recovery of attorney’s fees pursuant to Ark.Code Ann. § 16-22-308. The plain language of the statute does not answer this question. Thus, Ark.Code Ann. § 23-79-208 is open to more than one interpretation and because reasonable minds could differ as to its meaning, I cannot determine the legislative intent based on only the plain language of the statute. Because we must determine the legislative .intent, I would turn to the statute’s legislative history. See Harrell v. State, 2012 Ark. 421. In ascertaining legislative intent, we look to the statutory language, legislative history, and other appropriate matters. Falcon Media, et. al. v. Arkansas Public Senice Commission, 2012 Ark. 463, 425 S.W.3d 704 (citing Henry v. Cont’l Cas. Co., 2011 Ark. 224, 381 S.W.3d 802.) In reviewing the Act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. Simpson v. |10Cavalry SPV I, LLC, 2014 Ark. 363, 440 S.W.3d 335. In 1999, the General Assembly passed Act 135, which amended § 23-79-208. Act 135 provides in pertinent part: “AN ACT TO AMEND ARKANSAS CODE ANNOTATED § 23-79-208 TO FURTHER CLARIFY THE EXISTING INTENT OF THE GENERAL ASSEMBLY THAT INSURANCE POLICY HOLDERS SHALL NOT BE LIABLE FOR THE ATTORNEYS’ FEES INCURRED BY INSURANCE COMPANIES IN THE DEFENSE OF CASES IN WHICH THE INSURANCE COMPANY IS FOUND NOT LIABLE FOR THE LOSS; AND FOR OTHER PURPOSES.” [[Image here]] SECTION 5. All laws and parts of laws in conflict with this Act are hereby repealed. Specifically, any other law or parts of law of general application regarding the award of attorneys’ fees, as applied to litigation involving policies of insurance, are superseded by the provisions of this Act. Specifically, the provisions of § 16-22-308 regarding the award of attorneys’ fees to the prevailing party in a civil action for breach of contract are expressly superseded by the provisions of this Act. The language employed by the General Assembly in § 5 of Act 135 expressly superseded the provisions of § 16-22-308 regarding the award of attorneys’ fees to the prevailing party in a civil action for breach of contract involving policies of insurance. Accordingly, in answering the certified question, I agree with the majority that Ark.Code Ann. § 23-79-208 is the exclusive remedy for insurance-contract actions and precludes recovery under Ark.Code Ann. § 16-22-308. Goodson and Hart, JJ., join.