Cite as 2024 Ark. App. 419

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-198

|  |  |
|---|---|
| | Opinion Delivered September 11, 2024 |
| SHARON DENISE DUKE | |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | [NO. 72CV-18-2658] |
| | HONORABLE DOUG MARTIN, |
| RONALD JAY MULLIS, M.D., INDIVIDUALLY; NORTH HILLS SURGERY CENTER, L.L.C.; OZARK SURGICAL ASSOCIATES, LLC; RONALD JAY MULLIS, P.A.; WASHINGTON REGIONAL MEDICAL CENTER; LAMMICO RISK RETENTION GROUP, INC.; AND JOHN/JANE DOES 1–10 | JUDGE |
| APPELLEES | AFFIRMED |

**KENNETH S. HIXSON, Judge**

This is a medical-malpractice case. Appellant Sharon Denise Duke (Sharon) appeals from an order granting summary judgment in favor of Ronald Jay Mullis, M.D.; North Hills Surgery Center, LLC; Ozark Surgical Associates, LLC; Ronald Jay Mullis, P.A.; Washington Regional Medical Center; and LAMMICO Risk Retention Group, Inc. (collectively "appellees"). The trial court's entry of summary judgment was premised on Sharon's failure to produce any expert opinions or testimony in support of her claim of medical negligence or that the alleged negligence proximately caused her damages. On appeal, Sharon argues

that the trial court's order should be reversed because the appellees failed to show there are no genuine issues of material fact, discovery was not yet complete, and the court's ruling was premature. We affirm.

I. *Facts and Procedural History*

On September 28, 2018, Sharon filed a medical-malpractice and negligence action naming as defendants all the appellees except LAMMICO Risk Retention Group, Inc. Sharon later amended her complaint and added LAMMICO, which is Washington Regional Medical Center's liability-insurance carrier, as a defendant. Sharon alleged that she sustained injuries and damages that arose from a series of medical procedures and care related to Dr. Mullis's treatment of her various abdominal and gastrointestinal maladies. The appellees filed timely answers to the complaint and amended complaint, generally denying liability.

Almost three years after the commencement of the case, on September 22, 2021, the trial court entered an order setting the case for a seven-day jury trial beginning on May 15, 2023. A year later, on October 3, 2022, separate counsel for Dr. Mullis, Ozark Surgical Associates, and Mullis, P.A., sent a letter to the trial court informing it that counsel for all parties had agreed to the terms of a scheduling order to keep the case on track for trial, and a proposed agreed scheduling order was submitted for the court's consideration. Approximately four years after the commencement of the case, on October 5, 2022, the trial court entered the proposed agreed scheduling order. Among other provisions, the agreed scheduling order stated that Sharon "shall disclose the identity of and provide a summary of

2

opinions of any expert witnesses no later than October 13, 2022, and shall make all expert witnesses available for their depositions no later than November 28, 2022."

Sharon failed to provide the required disclosures on or before the agreed deadline of November 28, 2022. On November 29, 2022, the appellees collectively filed a joint motion for summary judgment. In their motion, the appellees alleged that they were entitled to summary judgment because the agreed deadlines had passed, and Sharon had failed to produce any expert opinions or testimony in support of her claim for medical negligence or that such alleged negligence was the proximate cause of her damages. The appellees asserted that they had propounded interrogatories to Sharon in 2018, and they attached to their motion Sharon's November 30, 2018, responses to their discovery requests. In these interrogatories, the appellees had requested the names of Sharon's expert witnesses and a summary of their opinions. In Sharon's response, after objecting to the interrogatories as premature, Sharon answered in pertinent part:

> Plaintiff has not at this time determined which expert witness Plaintiff will call at a hearing or trial in this matter. Plaintiff *may call* Dr. Richard Newman of Trinity Health of New England Group, Hartford, CT, and Plaintiff *may call* any of Plaintiff's treating physicians as experts in this action. Plaintiff *will timely supplement* her response to this request as discovery continues.

(emphasis added). The appellees alleged in their motion that, since answering their interrogatories on November 30, 2018, Sharon had not stated that she would call Dr. Newman as an expert witness at trial nor had she supplemented her discovery responses or provided any opinions of Dr. Newman or any other expert. Noting that the case had been pending for more than four years and that the agreed deadlines had passed for Sharon to

3

produce expert testimony to support her claims, the appellees argued that Sharon could not prove the essential elements of her case and that the appellees were entitled to judgment as a matter of law.

On December 15, 2022, Sharon filed a response to the appellees' summary-judgment motion asking that it be denied. In her response, Sharon acknowledged that her malpractice claim required her to present evidence from medical experts to support her allegations. However, Sharon argued that genuine disputes over material facts still existed, that discovery had not been completed, and that the appellees' motion was premature. Sharon also stated that she had provided the appellees with the name of an expert witness in November 2018 (Dr. Richard Newman) but that the appellees had failed to depose her expert despite having more than four years to do so.

On December 29, 2022, the appellees filed a reply to Sharon's response. In their reply, the appellees argued that Sharon had attempted to shift the burden of discovery in her malpractice case to the appellees, and the appellees were under no obligation to request a deposition of someone who was never specifically identified as a testifying expert. The appellees asserted that Sharon never stated she would, in fact, call Dr. Newman as an expert witness nor did she provide any expert opinions in response to the appellees' interrogatories and pursuant to the agreed scheduling order.

On December 30, 2022, separate counsel for Dr. Mullis, Ozark Surgical Associates, and Mullis, P.A., sent a letter to the trial court stating that the joint motion for summary judgment had been filed, Sharon had responded, a reply had been filed, the motion was ripe

4

for consideration, and the issues were straightforward and could be ruled on by the court based on the pleadings. Sharon did not respond to the request for the trial court to rule on the pleadings nor did she request a hearing. On January 12, 2023, separate counsel for North Hills Surgical Center, Washington Regional Medical Center, and LAMMICO also sent a letter to the trial court informing it that all parties were in agreement that there was no need for a hearing, and the parties were asking the court to rule on the pending summary-judgment motion.

On January 12, 2023, the trial court entered an order granting the appellees' motion for summary judgment and dismissed Sharon's amended complaint as to all defendants with prejudice. This appeal followed.

## II. *Standard of Review*

Summary judgment is appropriate if no genuine issues of material fact exist for trial. *Valentine v. White Cnty. Med. Ctr.*, 2020 Ark. App. 565, 615 S.W.3d 729. Once the moving party has demonstrated an entitlement to summary judgment pursuant to Arkansas Rule of Civil Procedure 56, Arkansas law shifts the burden to the nonmoving party, who must show that a genuine issue of material fact remains. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). At this point, the responding party "must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact." *Id.* at 569, 11 S.W.3d at 536.

To establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant breached a standard of care, that damages were sustained, and that the

5

defendant's actions were a proximate cause of those damages. *Reggans v. Schlesinger*, 2024 Ark. App. 227, 687 S.W.3d 387. Proximate causation is an essential element for a cause of action in negligence. *Id.*

In medical-malpractice actions, unless the asserted negligence could be comprehended by a jury as a matter of common knowledge,[1] a plaintiff has the additional burden of proving three propositions by expert testimony: the applicable standard of care; the medical provider's failure to act in accordance with that standard; and that the failure was the proximate cause of the plaintiff's injuries. Ark. Code Ann. § 16-114-206(a) (Repl. 2016).[2] In such cases, it is not enough for an expert to opine that there was negligence that was the proximate cause of the alleged damages; the opinion must be stated within a reasonable degree of medical certainty. *Wal-Mart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 148 S.W.3d 754 (2004). When the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, the defendant has demonstrated that no genuine issues of material fact exist and is therefore entitled to summary judgment as a matter of law. *Gonzales v. Cont'l Cas. Co.*, 2022 Ark. App. 501, 659 S.W.3d 277. The moving party is not required to support its motion with affidavits or other materials further negating the plaintiff's claim. *Hamilton v. Allen*, 100 Ark. App. 240, 267 S.W.3d 627 (2007).

---

[1]In this case Sharon did not argue either below or on appeal that the asserted negligence could be comprehended by a jury as a matter of common knowledge.

[2]The portion of this statute limiting expert opinions to medical-care providers of the same specialty as the defendant was held unconstitutional in *Broussard v. St. Edward Mercy Health Sys.*, 2012 Ark. 14, 386 S.W.3d 385.

III. *Arguments on Appeal*

In this appeal, Sharon argues that summary judgment should not have been granted because genuine issues of material fact remained to be resolved. Although Sharon acknowledges that she was required to produce expert testimony to establish her claims for medical negligence and that she had not produced such expert testimony when the appellees filed their motion for summary judgment, she characterizes this as a discovery issue and contends that, although she missed a discovery deadline, that is an insufficient basis for granting summary judgment. Sharon states that, prior to filing their motion for summary judgment, the appellees were first required to avail themselves of Rule 37 of the Arkansas Rules of Civil Procedure, which requires a party to apply for an order compelling discovery before certain sanctions are invoked, including but not limited to, dismissal of an action. Sharon further asserts that, although she had not produced expert testimony, she did disclose her prospective expert, Dr. Richard Newman, in her November 2018 discovery responses and that the appellees never attempted to depose Dr. Newman. Sharon also states that the appellees presented no evidence to support their summary-judgment motion, which she claims relieved her of her duty to meet proof with proof. Sharon cites several cases in which summary judgment was upheld on appeal where the plaintiff had submitted proposed expert testimony that was deemed insufficient,[3] and she attempts to differentiate this case because, here, there was no expert testimony from any party. Finally, Sharon argues that summary judgment was entered prematurely because the parties had not completed discovery, and she

---

[3]*See, e.g., Dodd v. Sparks Reg'l Med. Ctr.*, 90 Ark. App. 191, 204 S.W.3d 579 (2005).

7

was not given the opportunity to fully develop her case and seek redress for the damages she incurred as a result of the appellees' negligence. We do not agree with any of Sharon's arguments.

This case is fairly straightforward. Sharon filed her medical-malpractice action in September 2018, and in her November 2018 discovery responses, she stated that she had not determined which expert witness she would call, that she *may* call Dr. Richard Newman as an expert, and that she would timely supplement her response as discovery continued. Despite the passage of four intervening years, Sharon never produced any expert opinions or testimony to satisfy her burden of establishing that there was medical negligence that proximately caused her alleged damages. This is true despite her agreement as reflected in the October 5, 2022, agreed scheduling order that she would disclose the identity of and provide a summary of opinions of any expert witnesses no later than October 13, 2022, and that she would make all expert witnesses available for their depositions no later than November 28, 2022. When the appellees moved for summary judgment on November 29, 2022, and when the trial court granted the appellees' summary-judgment motion on January 12, 2023, Sharon—by her own admission—had not produced the requisite expert testimony. This entitled the appellees to summary judgment as a matter of law. *See Gonzales*, *supra*.

Although Sharon attempts to characterize the issue as simply one of discovery, we disagree. With respect to Sharon's argument that the appellees were required to file a motion to compel discovery under Rule 37 before filing their motion for summary judgment, we observe that this issue is not preserved for review because it was not raised below. *See Worden*

8

*v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243 (stating the well-settled rule that we will not consider arguments raised for the first time on appeal). Because this issue was not raised below, it is not before this court on appeal; hence, we will not address the issue of whether Rule 37 is implicated in this situation. Furthermore, we do not agree with Sharon's claim that the appellees' failure to depose Dr. Newman precluded summary judgment. Sharon never stated she *would in fact* call Dr. Newman as an expert witness, and it was *Sharon's burden* to produce the expert testimony, which never occurred in this case.

With respect to Sharon's claim that the appellees were not entitled to summary judgment because they offered no proof in support of their motion, this argument also misses the mark. When the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, the defendant has demonstrated that no genuine issues of material fact exist and is therefore entitled to summary judgment as a matter of law. *Gonzales, supra.* Therefore, when the appellees demonstrated that Sharon had failed to produce the expert testimony, they were entitled to summary judgment. Further, Sharon's assertion that no expert testimony was offered by either party (as opposed to proposed expert testimony that was deemed insufficient)—if anything—draws further attention to the insufficiency of her case. Contrary to Sharon's claim, the complete failure to identify an expert and offer expert testimony on negligence and proximate causation is a proper ground for granting summary judgment in a medical-malpractice action. *See Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 77 (1991).

9

Finally, we also disagree with Sharon's claim that the trial court's ruling was premature. In the agreed scheduling order, which was entered more than four years after Sharon had filed her action, she agreed to disclose her experts, provide a summary of her expert testimony, and make her expert witnesses available for depositions by a certain date—and Sharon admittedly failed to comply with these agreed directives. When Sharon responded to the appellees' summary-judgment motion, she did not request a continuance as permitted by Rule 56(f)[4] nor did she submit an affidavit stating the reasons why she could not present by affidavit facts essential to justify her opposition. Although Sharon claims that she was not given the opportunity to fully develop her case, the record shows otherwise as she had more than four years to produce the required expert testimony in support of her claims.

## IV. *Conclusion*

Having reviewed the record, we hold that because the appellees demonstrated that Sharon failed to produce the requisite expert testimony, the appellees established that no genuine issues of material fact existed, and they were therefore entitled to summary judgment as a matter of law. Moreover, for the reasons stated herein, we conclude that the trial court's entry of summary judgment was not premature. We find no error by the trial court; accordingly, the order of summary judgment is affirmed.

---

[4]Rule 56(f) provides, "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Affirmed.

THYER and MURPHY, JJ., agree.

*Putman Law Office*, by: *William B. Putman*, for appellant.

*Cox & Estes, PLLC*, by: *James R. Estes*, for separate appellees Ronald Jay Mullis, M.D.; Ozark Surgical Associates, LLC; and Ronald Jay Mullis, PA.

*Carithers Johnson Davenport*, by: *Kelly Carithers*, for separate appellees North Hills Surgery Center, LLC; Washington Regional Medical Center; and LAMMICO Risk Retention Group.