Cite as 2024 Ark. App. 569

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-23-437

| | |
|---|---|
| WANDA BROWN AND DONALD BROWN | Opinion Delivered November 13, 2024 |
| APPELLANTS | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-20-248] |
| V. | |
| GREG MASSANELLI, M.D.; AND SOUTH ARKANSAS ORTHOPAEDICS & SPORTS MEDICINE CENTER, P.L.L.C. | HONORABLE SPENCER G. SINGLETON, JUDGE |
| APPELLEES | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellants Wanda and Donald Brown[1] appeal from March 14, 2023 order of the Ouachita County Circuit Court granting appellees' motion to exclude the testimony of appellants' expert, Dr. Omar Hussamy, based on his failure to use a local standard of care and appellees' motion for summary judgment because appellants no longer had an expert to testify. Appellants argue that the circuit court erred in excluding Dr. Hussamy's testimony pursuant to the locality rule and that the court's grant of summary judgment was also in error. We affirm.

---

[1]Donald is Wanda's husband, and he sought damages for loss of consortium.

Wanda's general physician referred her to Dr. Massanelli due to complaints of left hip pain and weakness. Dr. Massanelli diagnosed Wanda with end stage primary osteoarthritis of the left hip on January 10, 2017, and recommended a left-hip-replacement surgery. Wanda underwent the surgery on January 25 and woke up experiencing extreme pain, weakness, and numbness. Wanda was not discharged from the hospital until January 29. Wanda was subsequently diagnosed by Dr. Eric Brickell of Shreveport, Louisiana, with a stretched sciatic nerve and foot drop. Dr. John Knowles also diagnosed Wanda with a severe stretch injury to her left sciatic nerve. Wanda filed her second complaint[2] against appellees on December 23, 2020, alleging medical negligence and seeking damages. Appellees filed an answer on April 23, 2021, denying the material allegations of Wanda's complaint and asking to have the action dismissed. Based on a notice filed on April 1, 2022, a jury trial was set for April 24–28, 2023. The circuit court also entered a scheduling order at that time. Appellants informed appellees that they intended to have Dr. Hussamy testify as their expert in this matter. Appellees had to seek the circuit court's intervention because Dr. Hussamy was attempting to charge $2500 an hour to sit down for a deposition with a required prepayment amount of $20,000. The circuit court entered an order on October 25, finding that the amount Dr. Hussamy was charging was unreasonable and setting his hourly rate at $900 with only a two-hour prepayment.

---

[2]An earlier complaint had been dismissed without prejudice.

The parties subsequently agreed to an amended scheduling order to allow the parties more time to complete expert discovery. The amended order was filed on October 27, and it changed the time in which the parties were to name their experts and make them available for deposition. According to the new schedule, appellants were to provide the names of their expert witnesses on or before November 15, 2022, and make the witnesses available for deposition by December 15. Appellees were to provide the names of their expert witnesses and make the witnesses available for deposition by February 15, 2023. The rest of the scheduling order remained the same.

Appellees gave notice that they intended to depose Dr. Hussamy in Vero Beach, Florida, on December 5, 2022. Dr. Hussamy was asked to bring certain items to the December deposition. The deposition took place as planned. Appellants filed a notice to depose Dr. Hussamy on February 1, 2023, listing a deposition date of March 20.[3] Appellees filed a motion to exclude Dr. Hussamy's testimony and supporting brief based on the standard of care or locality rule on February 16, 2023. According to appellees, at the time of his deposition, Dr. Hussamy was unfamiliar with the local standard of care in Ouachita County, Arkansas, in January 2017 and, instead, relied on a national standard of care. Appellees filed a motion and supporting brief for summary judgment on February 17. Appellees listed several independent ground for summary judgment: (1) Dr. Hussamy failed

---

[3]At the hearing, it was made clear that it was not actually a deposition but, rather, trial testimony.

to satisfy the locality rule, (2) Dr. Hussamy could not testify to a reasonable degree of medical certainty exactly how or when the injury occurred during Wanda's left-hip replacement, (3) Dr. Hussamy's testimony is unreliable as is the methodology he used at arriving at his opinions, and (4) he has not performed a surgery of this type since 2012 or 2013.

Appellants filed a response to appellees' motion to exclude Dr. Hussamy's testimony on March 3. They denied the material allegations of the motion and asked the court to deny and dismiss the motion. In their accompanying brief, appellants argued that Dr. Hussamy "will testify and demonstrate through his testimony that he is familiar with the standard of care in Camden, Ouachita County, Arkansas or similar localities." They indicated that after they retained Dr. Hussamy as an expert, Dr. Hussamy prepared a report on September 3, 2021, stating that he believed Dr. Massanelli had breached the standard of care by injury Wanda's sciatic nerve during surgery. Appellants further stated that at the time of his deposition, Dr. Hussamy "had not reviewed any demographic information" and that he "opined that he believed that it did not matter where the hip replacement is performed, that injuring the sciatic nerve during surgery is a breach of the standard of care." According to appellants, Dr. Hussamy had subsequently reviewed the information on Camden and Ouachita County, Arkansas, and his opinion remained the same. Appellants maintained that Dr. Hussamy was qualified to testify in this matter and asked that the circuit court not strike him as an expert witness. Appellants included Dr. Hussamy's affidavit as an exhibit. In the affidavit, Dr. Hussamy attempted to show his familiarity with the local standard of care as it pertained to Ouachita County, Arkansas. He still maintained that Dr. Massanelli

4

deviated from the standard of care by injuring Wanda's sciatic nerve. He specifically stated that if "Dr. Massanelli would have placed the retractors properly, used proper pressure, or not otherwise injured the sciatic nerve during surgery, Wanda Brown would have not been injured."

Appellees filed a reply on March 9, contending that Dr. Hussamy's untimely opinion should be rejected because Dr. Hussamy confirmed that his two-page disclosure contained all the opinions he would be giving in the case. And he confirmed that he had not requested any additional information, documents, or depositions before his own deposition. Appellees stated the Dr. Hussamy also admitted to only reading thirteen pages of the thousands of pages of medical records in this case. They contended that the deadline for making changes to his testimony by errata sheet was January 28, 2023, and Dr. Hussamy made no such changes. Appellees alleged that it "was not until after [they] filed [their] dispositive motion that [appellants] or Dr. Hussamy made any effort to meet their burden of proof on the locality rule." They also noted that appellants admitted in their response that Dr. Hussamy was not familiar with the applicable standard of care and that to allow the affidavit to be admitted "would be patently unfair, and severely prejudicial, and in direct violation of the Court's Scheduling Order and Arkansas Rules of Civil Procedure for [appellees] to receive new, previously undisclosed and untimely opinions on the eve of trial, months after the Court's deadline." Appellees further argued that appellants' reliance on 2020 census data is fatally flawed since January 2017 is the only time frame relevant to the claim against Dr. Massanelli. Appellees also argued that the affidavit was insufficient because it contained

conclusionary statements regarding a comparison of the localities without providing any facts about the surgical practice in 2017. Finally, appellees argue that Dr. Hussamy relied on a national standard of care, which is against our rules. And the untimely affidavit did not show that Dr. Hussamy had any factual knowledge of the practice of medicine in Ouachita County or a similar locality in 2017.

Appellants filed a response to appellees' motion for summary judgment on March 10. They denied the material allegations of the motion. In their brief, appellants stated that the matter should continue to a jury trial, and the jury should be able to decide between competing medical opinions. They included a copy of Dr. Hussamy's first affidavit as well as a new affidavit discussing an independent medical examination he had performed on Wanda on March 8. In this affidavit, Dr. Hussamy stated that there are four ways in which Wanda's injury could have occurred. He stated that he had since reviewed all the medical records pertaining to the matter and had examined Wanda, and was thus "prepared to testify at this time more fully than [he] was at the time of my December 2022 deposition."

Appellees filed a reply and brief in support of their summary-judgment motion on March 13. They contended that the affidavits submitted were shams and should be summarily rejected because of their untimeliness and the fact that they contradict Dr. Hussamy's sworn deposition testimony.

The circuit court held a hearing on appellees' motions on March 13. It filed an order the next day granting appellees' motion to exclude Dr. Hussamy's testimony and granting appellees summary judgment. The order stated in pertinent part:

The Court agrees with Defense counsel's argument that Dr. Hussamy's testimony must be excluded in this matter. At the time of his deposition, Dr. Hussamy acknowledged that he had no familiarity with the local standard of care. The Plaintiffs must prove a violation of the standard of care "[b]y means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medial care provider in good standing, engaged in the same type of practice or specialty *in the locality* in which her or she practices or *in a similar locality*." [Internal citations omitted.]

Although Plaintiffs concede that Dr. Hussamy did not meet this requirement at the time of his deposition, they assert that they have rehabilitated him with an affidavit filed in response to the Motion to Exclude and the Motion for Summary Judgment. Defendants are correct that to allow this expert's opinion, which as at the time of deposition in December 2022 was admittedly based on a national standard, to go forward now based on a purported local standard is patently unfair and severely prejudicial to Defendants now on the eve of trial and with a scheduled trial deposition of Dr. Hussamy to be conducted next week in this matter. Moreover, this Court finds merit in Defendants' argument that the affidavit fails to demonstrate that Dr. Hussamy has gained knowledge as to the appropriate local standard of care in place in Ouachita County in 2017 as that affidavit contains only conclusory statements.

Accordingly, . . . the Court now excludes the testimony of Dr. Hussamy in this matter. As such, Plaintiffs have no other expert witnesses and cannot proceed on this case, accordingly, the Motion for Summary Judgment is also granted. All other pending motions are denied as moot. This matter is final and appealable.

Appellants timely appealed.

Appellants argue that the circuit court erred in excluding Dr. Hussamy's testimony pursuant to the locality rule required for expert witnesses in medical-malpractice cases. We review the admission of expert testimony under an abuse-of-discretion standard.[4] In discussing our standard of review for evidentiary rulings, we have said that circuit courts have

---

[4]*Corbin v. Baptist Health, Inc.*, 2016 Ark. App. 212, 490 S.W.3d 317.

7

broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of discretion.[5] To have abused its discretion, the circuit court not only must have made an error in its decision but also must have acted improvidently, thoughtlessly, or without due consideration.[6] In medical-malpractice actions, unless the asserted negligence can be comprehended by a jury as a matter of common knowledge, a plaintiff has the additional burden of proving three propositions by expert testimony: (1) the applicable standard of care; (2) the medical provider's failure to act in accordance with that standard; and (3) that the failure was the proximate cause of the plaintiff's injuries.[7] Our supreme court has endorsed the locality rule as to the standard of care in Arkansas.[8]

Appellants admit that Dr. Hussamy was not familiar with the local standard of care when he gave his deposition testimony in December 2022; however, they maintain that he was able to meet the requirements of an expert because of the information contained in his later filed affidavits. However, this argument is without merit. At his deposition, Dr. Hussamy admitted that he had no knowledge about Ouachita County and could not compare it to the locality in which he practiced. He used a national standard of care to reach

---

[5]*Id.*

[6]*Id.*
[7]Ark. Code Ann. § 16-114-206(a) (Repl. 2016). The portion of this statute limiting expert opinions to medical-care providers of the same specialty as the defendant was held unconstitutional in *Broussard v. St. Edwards Mercy Health System, Inc.*, 2012 Ark. 14, 386 S.W.3d 385.

[8]*Plymate v. Martinelli*, 2013 Ark. 194.

8

his conclusion but failed to apply that standard of care to Ouachita County. Dr. Hussamy also failed to review the extensive medical records in this case, other depositions, or any information pertaining to Ouachita County or its doctors and/or medical facilities before giving his deposition testimony. Based on this evidence, it is hard to conclude that the circuit court abused its discretion by excluding the testimony.

As part of the first issue, appellants also contend that the circuit court erred in finding that the affidavits supporting Dr. Hussamy's opinions were untimely. Citing *Hill v. Billups*,[9] appellants argue that an expert witness is allowed to change his or her opinion or testimony at any time given their review or availability of new information. Here, there was no new information. The information was available prior to Dr. Hussamy's deposition, but for whatever reason, he did not review it. Thus, appellants' reliance on *Hill* is misplaced.

One of the reasons the circuit court granted appellees' motion to exclude Dr. Hussamy's testimony was because it was deemed untimely. A scheduling order under Rule 16 of the Arkansas Rules of Civil Procedure "control[s] the subsequent course of the litigation" because its "primary purpose" is to keep litigation moving forward and to advise the parties about the deadlines that they are expected to meet."[10] Additionally, a party's "failure to meet these deadlines undermines the goals of the scheduling order and prejudices the other side, which is also subject to discovery deadlines."[11] Here, the parties agreed to a

---

[9]85 Ark. App. 166, 148 S.W.2d 288 (2004).
[10]*Rush v. Fieldcrest Cannon, Inc.*, 326 Ark. 849, 855, 934 S.W.2d 512, 515 (1996).

[11]*Id.*

scheduling order that required appellants' expert witness to be identified by November 15, 2022, and be available for deposition no later than December 15. Any changes to the deposition testimony were to be made by January 28, 2023, and Dr. Hussamy failed to make any changes by that time. It was not until appellees filed their motions for exclusion of Dr. Hussamy's testimony and for summary judgment did appellants have Dr. Hussamy submit affidavits to supplement his deposition testimony. The affidavits, submitted March 3 and 10, were untimely, and the circuit court did not abuse its discretion by not relying on them. Additionally, the circuit court was correct by finding that to allow appellants to submit the untimely affidavits on the eve of trial would be patently unfair and severely prejudicial to appellees.

The circuit court also found that the affidavits were conclusory and failed to demonstrate Dr. Hussamy's knowledge of the local standard of care in Ouachita County in 2017. Appellants argue that the affidavits were not conclusory but were "specific, adequate, relevant, and [would] assist the finder of fact in coming to a reasonable and logical conclusion in this matter." Looking closely at the information contained in the affidavits, there is nothing to show actual knowledge of the local standard, and the information contained in them can only be described as conclusory. Thus, even if the affidavits were admitted, they were insufficient to show that Dr. Hussamy could testify regarding the local standard of review.

Accordingly, we hold that the circuit court did not abuse its discretion by excluding the testimony of Dr. Hussamy, and we affirm on this point.

For their second point on appeal, appellants maintain that the circuit court erred by granting appellees summary judgment. Summary judgment is appropriate if no genuine issues of material fact exist for trial.[12] Once the moving party has demonstrated an entitlement to summary judgment, Arkansas law shifts the burden to the nonmoving party, who must show that a genuine issue of material fact remains by meeting proof with proof to show a genuine issue as to a material fact.[13] When the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, the defendant has demonstrated that no genuine issues of material fact exist and is therefore entitled to summary judgment as a matter of law.[14] Here, Dr. Hussamy relied on a national standard of care during his deposition, and our supreme court has held that the locality rule is the standard of care in Arkansas.[15] After Dr. Hussamy's testimony was excluded, appellants did not have another expert to testify about their negligence claim against appellees. Therefore, appellees were entitled to judgment as a matter of law.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*Gregory Thomas Attorney at Law PLC*, by: *Gregory M. Thomas*; *F. Mattison Thomas III*; and *Daily & Woods, PLLC*, by: *C. Michael Daily*, for appellants.

---

[12]*Duke v. Mullis*, 2024 Ark. App. 419, ___ S.W.3d ___.

[13]*Id.*

[14]*Johnson v. Schafer*, 2018 Ark. App. 630, 565 S.W.3d 144.

[15]*Plymate*, *supra.*

11

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Brandon T. Cole* and *Mariam T. Hopkins*, for appellees.